ISAAC NULL v. FREDERICK ZIERLE, DRAIN COMMISSIONER, AND BENJAMIN TACKABURY, CLERK OF FABIUS TOWNSHIP.

WILLIAM GROSE v. FREDERICK ZIERLE ET AL.

*Drain proceedings—Petition—Certiorari.*

1. A petition to lay out a drain does not give the drain commissioner jurisdiction to act if the description of the proposed drain is so indefinite as to leave it to him to determine the direction it shall take.

2. Certiorari may be resorted to for the review of drain proceedings in cases where the drain commissioner has acted without jurisdiction.

Error to St. Joseph. (Pealer, J.) Jan. 24.—Feb. 6.

PROCEEDINGS to lay out drains. The township officers bring error. Affirmed.

*Howell, Carr & Barnard* for appellants. Certiorari to review drain proceedings was refused in *Dietz v. Frazier* 50 Mich. 227; *Whitbeck v. Hudson* id 86.

*Dallas Boudeman* for appellees.

CHAMPLIN, J. The matters here at issue involve the validity of the proceedings to establish a certain drain in the township of Fabius by the defendant Zierle as drain commissioner, said drain crossing the lands of the relator, and a portion of the expense of which he has been ordered to pay. The alleged drain purports to have been established under the laws of 1881 of this State, and upon application of the relator to the circuit court for the county of St. Joseph, a writ of certiorari was issued to the drain commissioner and township clerk to bring up the proceedings for review. These officers made due return to the writ, and, upon the hearing, the circuit judge held the proceedings to be absolutely void, and reversed them. The case is brought into this Court by writ of error.

The application to the drain commissioners described the drain applied for as follows:

"Commencing at the north-east corner of the S. E. ¼ of S. E. ¼ of section 2, in township south 6, and range 12 west; thence south on west side of highway to the S. W. corner of land belonging to Jonathan Baker; thence east on line of lands belonging to said Jonathan Baker and C. E. Dock, by the most feasible route, for 80 rods; thence north or south as in your estimation seems most proper, for outlet into the Rocky river."

This was entirely insufficient to confer jurisdiction. It was too indefinite and uncertain to form the basis of any action by the commissioner. *Kroop v. Forman* 31 Mich. 144; *Milton v. Drain Com'r* 40 Mich. 229.

There are other grave errors disclosed in the record, but as the commissioner obtained no jurisdiction to establish the drain in question, it is unnecessary to call attention to them.

Defendants claim that the circuit court had no authority to review these proceedings by certiorari, and they contend that section 40 of Act 269 of 1881 applies to and controls all cases which may arise in laying out or establishing drains. This section provides that the proceedings shall not be declared absolutely void in consequence of any error of any officer or board in the location or establishment thereof, nor

by reason of any error or informality appearing in the record of the proceedings by which any drains shall have been located or established, nor for want of proper release or condemnation of right of way. And in support of this position they cite *Tucker v. Parker* 50 Mich. 5. We there held that for mere irregularities, and for substantial defects even in the proceedings which could be remedied by the court in which the proceedings were pending, the process of certiorari should not in general be resorted to ; but we also held that the statute did not take away the jurisdiction to review in a proper case the proceedings by certiorari. We think the present case is one where the exercise of this jurisdiction is proper.

The judgment of the circuit court is affirmed.

The other Justices concurred.


[William Grose v. Frederick Zierle et al.]

CHAMPLIN, J. The facts in this case are precisely similar to those of the case of *Null v. Zierle*, ante, p. 540, and it is governed by the principle there announced.

The judgment of the circuit court is affirmed.

The other Justices concurred.