WILLIAM FROST ET AL. V. JOHN LEATHERMAN, TREASURER, AND DANIEL LUTZ, DRAIN COMMISSIONER OF THE TOWN-SHIP OF GAINES, KENT COUNTY.

*Drain tax—Bill to vacate assessment—Freeholders—Description.*

1. A bill in equity will lie to have the assessment of a township drain tax declared void; and the township treasurer and drain commissioner may properly be made defendants even though the tax has already been returned, as unpaid, to the county treasurer.

2. A township drain tax is made a lien upon the land on which it is assessed. (Act 9 of 1882, § 26). And if the tax proceedings are without jurisdiction the lien creates a cloud on the title and a bill in equity will lie to remove it by having the assessment declared void.

3. The requirement that a petition for a township drain must be signed by five freeholders *residing in* the township, is jurisdictional; and if it does not appear to be so signed, a township drain tax based thereon is void.

4. No action to lay out a drain can be taken upon a petition which leaves the drain commissioner to determine distances and directions.

Appeal from Kent. (Montgomery, J.) June 25.—Oct. 8.

INJUNCTION bill. Complainants appeal. Reversed.

*Maher & Felker* for appellants.

*Fletcher & Wanty* for defendants.

SHERWOOD, J. The bill in this case is filed to restrain the collection of drain taxes, and thereby prevent the clouding the title of the complainants' land. No relief is sought against the defendant Lutz. The tax complained of was assessed as that part of the expense which the commissioner made chargeable against the township of Gaines for the benefit of the public health and highways of the township. The injunction in the case was on motion dissolved by the circuit judge, and the defendant then demurred to the bill of complaint. The demurrer was sustained on the hearing and complainants appeal.

The complainants, by their bill, ask to be relieved of the taxes assessed against them for the construction of two drains, known as the Hammond and Drakey drains. They were designed to be constructed under the drain law of 1881. The complainants are owners and in the actual possession of taxable property in the township of the value of $89,840, which was in the aggregate assessed for the purposes above stated; and that the sum of $13.32 was assessed upon the several parcels, of land of complainants, being that part assessed against the same for the public purposes aforesaid.

The bill of complaint avers in regard to the Hammond drain, that the assessment is illegal and void for the following reasons:

*First.* Because it does not appear that application for the construction of such a drain was made to him in writing by five freeholders residing in the township or townships in which such drain, or the lands to be drained thereby, were situated.

*Second.* Because the application made to said commissioner and upon which he assumed to act, does not sufficiently designate or describe the character or dimensions of the proposed drain.

*Third.* Because said drain commissioner did not proceed as soon as practicable, upon the filing with him of application under which he assumed to act, to examine personally the line of the proposed drain.

*Fourth.* Because it does not appear that said drain commissioner was of the opinion that it was necessary and for the good of the public health that the application for said drain should be granted.

*Fifth.* Because said drain commissioner did not, as a means of determining the necessity and practicability of said proposed drain, cause a survey and measurement of the line of the same to be made by a competent surveyor.

*Sixth.* The route of said drain as established by said drain commissioner did not follow the natural water-course mentioned in the application, but deviated therefrom, and there-

by caused additional expense to a large amount for the construction of the same.

*Seventh.* Said drain commissioner did not appoint a time and place of hearing upon the application made to him within the time limited by the statute therefor.

*Eighth.* Said drain commissioner did not make application to the probate court for the County of Kent for the appointment of special commissioners within the time limited by the statute therefor.

*Ninth.* The application made by said drain commissioner to said probate court did not show that application had been made to said drain commissioner for the construction of said drain by the requisite number of freeholders residing in the proper township or townships.

*Tenth.* Said application to probate court did not show that said drain commissioner had caused a survey to be made of the line. of the proposed drain referred to, or that it described the same according to such survey, or state the time and place of hearing upon the application made to said drain commissioner.

*Eleventh.* It does not appear that the special commissioners appointed by the probate court were properly sworn in respect to the performance of their duties as such special commissioners.

*Twelfth.* It does not appear that the application for the laying out of said drain, with minutes of the action of the drain commissioner thereon so far as had, including a copy of the application to the probate court, with the citation annexed, and proof of service thereof, with the minutes of the survey signed by the surveyor, were present at the viewing and hearing had by the special commissioners.

*Thirteenth.* It does not appear that said special commissioners ascertained the necessity of such drain, or for taking private property for the use and benefit of the public for the purpose thereof.

*Fourteenth.* There was no proper basis of assessment in respect to what said township of Gaines should be liable to

pay by reason of benefit of such drain to the public health, or as a means of improving any public highway.

*Fifteenth.* It does not appear that said drain commissioner gave the requisite notice of the time when or the place where he would meet parties for the purpose of letting contracts for the construction of such drain, or that any notice was given by said drain commissioner as to the time when the assessment of benefits would be subject to review.

*Sixteenth.* The return of said drain commissioner to the township clerk does not contain minutes of any survey of said drain signed by the surveyor by whom such survey was made.

*Seventeenth.* That, as your orator believes, said drain was not a necessary public improvement and does not benefit the public, and the taxable property of your orators in said township of Gaines is not justly or properly chargeable with any tax or assessment on account of the same.

The bill avers, in the case of the Drakey drain, the assessment is void, in addition to the above errors, numbered 1, 2, 4, 5, 14, 15 and 17, " because it appears that in the opinion of said drain commissioner it was not necessary, or for the good of the public health, that the application made to him, and under which he assumed to act, in respect to said so-called Drakey drain should be granted," and " because said drain commissioner caused said drain to be located, and assessments are made upon the property of this township, as for the construction of a drain as part of said so-called Drakey drain, which was not embraced in the application under which he assumed to act in so doing ;" that the assessment roll of the town was in the town treasurer's hands, who claimed it was a lien upon the several parcels of land for the several amounts assessed against them ; and that he intended to return the lands for the non-payment of the same, and thereby create additional claims upon them. The bill contains, as exhibits attached thereto and as constituting a part thereof, all the proceedings which appear of record, under which it is claimed said drains and the construction thereof were accomplished.

It is claimed on the part of defendants that if complain-

ants have not paid the taxes complained of, they have before this been returned to the county treasurer and therefore no relief can be given. The prevention of their return, however, is not all the relief prayed for. The complainants ask that the assessment may be decreed void and we think a bill competent for this purpose entirely proper.

The defendants also insist that if the assessment is void, as claimed by the plaintiffs, then they are not injured by the proceedings, as a void lien will not cloud their title, and they rely upon *Curtis v. East Saginaw* 35 Mich. 508, and *Detroit v. Martin* 34 Mich. 170, as sustaining this point. Chief Justice Cooley says in his work on Taxation, p. 542: "A cloud upon one's title is something which constitutes an apparent incumbrance upon it, or an apparent defect in it ; something that shows prima facie some right of a third party, either to the whole or some interest in it. An illegal tax may or may not constitute such a cloud." This definition has received the approval of this Court in the case of *Detroit v. Martin* above referred to. In the case we are now discussing the amount claimed to be illegal was assessed as part of the township taxes, and was to be collected the same as other township taxes under the general law, and the assessment roll was in the hands of the treasurer for collection. The statute makes the tax, when assessed, prima facie a debt against the owner of the property (Sess. L. 1882, p. 18, § 35); and after the assessment roll, with the warrant attached, is delivered to the treasurer for collection, the tax appearing upon the roll becomes a lien upon the land against which it was assessed. See sections 26 and 30 of the same Act. And such a lien has been held by this Court, when the tax proceedings were illegal and void, to create a cloud upon the owner's title, and the remedy here sought was applied to get rid of the lien and tax. *Scofield v. Lansing* 17 Mich. 437. The tax in this case could only be enforced under the law of 1882 above cited ; and by the second clause, under the eighty-fifth section of the act, a proper court may, if " the person or persons appointed to decide whether a tax shall be raised under a

given law have acted without jurisdiction," declare the proceedings and the tax void.

Was the assessment illegal and void?—seems to be the only remaining question for consideration. The bill avers that it was, and sets forth the proceedings under which the assessment was made as showing the facts upon which the assessment is based. It does not appear that five freeholders, residing in the township of Gaines, ever presented a petition for the construction of either of the drains mentioned in the complainants' bill. The statute requires the names of five persons to the petition, *who are resident freeholders* of the township. *Whiteford Township v. Probate Judge of Monroe County* 53 Mich. 130.

The descriptions of the drains in the applications[1] were too indefinite to authorize any action to be taken by the commissioner. The description in each case is quite as uncertain as that contained in the application in the case of *Null v.*

---

[1] The petitions were as follows:

*To the Township Drain Commissioner of the Township of Gaines and County of Kent:*

The undersigned freeholders of said township do hereby make application to, and respectfully ask you to establish and open a drain in the village of Hammond in said township, commencing at the west side of the Michigan Central Railroad and on the south side of the highway running east and west, and on the east side of the highway running parallel with the said railroad, and the said drain to run in a westerly course along the natural water-course until sufficient fall can be obtained to cause the water to be carried off so as not to overflow the highway and sidewalks in said village.

Dated this 8th day of August, A. D. 1882.

*William McCrodan, C. S. Keifer, George Draper, T. Draper, J. H. Loveless, Sylvester A. Loveless, W. J. Hardy, Geo. Eyer, Con. Shea, C. Deming.*

*To the Township Drain Commissioner of the Township of Gaines and County of Kent:*

The undersigned hereby make application to and respectfully ask you to establish and open a water-course or locate a ditch in said Township of Gaines, as follows:

On the west side of sec. fifteen (15), running thence east and north 160 rods more or less.

First through Klingman's land and then Keifer's land.

Dated this 30th day of June, 1882.

FRANK DRAKEY, Applicant.

*Robert Herrington, Owen L. Dodge, Oscar Willard, N. B. Clemens, Henry Kelley, John Leatherman, Freeman Brewer, Morris Freeman.*

*Zierle* 52 Mich. 540, which was held insufficient to confer jurisdiction.

We need not consider the case further. It already appears the action taken by the commissioner was without jurisdiction under the statute, and this is sufficient. The assessment was void. I think the decree at the circuit should be

Reversed and demurrer overruled without costs.

The other Justices concurred.