JOHN ZABEL AND JOSEPH HARMON v. LEVI A. HARSH-
MAN, DRAIN COMMISSIONER.

[See *post*, 273.]

*Equity pleading—Demurrer clause in answer—Hearing—Bill to
restrain construction of drain.*

1. Our practice does not permit a separate hearing on a demurrer
   clause in an answer to a bill in chancery, and it ought not to be
   granted.

2. A bill by land-owners who have valuable rights in a drain of sev-
   eral years' standing, and which affords a sufficient water escape
   for their lands and those of adjacent proprietors, as well as the
   public highways it crosses, alleging that the drain commissioner
   is about to lay out and contract for the construction of a drain
   on substantially the same route as the old one, and communi-
   cating with it at both ends, and that it will in no way benefit the
   complainants, who will be assessed for its construction, and
   charging further that the defendant has lands which will be
   benefited by the new drain, and that he fraudulently procured a
   petition to be presented to him for its construction, makes out a
   case of equity which should be heard on the facts.

Appeal from Monroe. (Joslin, J.) Argued January 13,
1888. Decided January 19, 1888.

Bill filed to restrain the construction of a drain. Com-
plainants appeal from a decree dismissing the bill on a hear-
ing on a demurrer clause in the answer. Reversed, and case
remanded for further proceedings. The facts are stated in
the opinion.

*Grosvenor, Bragdon & Grosvenor,* for complainants.

*Ira G. Humphrey* and *C. A. Golden,* for defendant.

CAMPBELL, J. Complainants file their bill to restrain
the defendant as town drain commissioner of Summerfield,

ZABEL v. HARSHMAN. 271

in Monroe county, from proceeding to complete a drain. The bill, in substance, sets out that both complainants own valuable farms traversed and drained by a drain or ditch, several miles long, known as the " Stacy Drain," made as a county drain about 17 years ago, and of which they built at an expense to Zabel of about $350, and to Harmon and the previous owners of part of his land of not far from the same amount, and this old drain is and has been a great convenience, and sufficient water escape for their land, and that of the other adjacent owners, as well as the public highways it crosses or passes.

It further sets out that defendant has land that would be benefited by the proposed new drain, and that he fraudulently procured a petition to be presented to him for the construction of a new drain communicating with the old drain at both ends, and in the same direction, substantially, and has taken steps to lay it out and to let contracts for it; that it will in no way benefit complainants, who will be assessed for it, Zabel one-tenth of the entire cost, and Harmon about five and a half per cent. The proceeding is claimed to be both illegal and fraudulent.

The defendant put in an answer partly denying the bill. This answer contained a demurrer clause, to the effect that there was an adequate remedy at law, and a general denial of jurisdiction.

A replication was filed, and defendant demanded a hearing on proofs in open court. On the hearing the circuit judge refused to hear proofs, and dismissed the bill.

This practice was wrong. Unless a regular demurrer is filed, our practice does not permit a separate hearing on the demurrer clause, and it ought not to be granted. In case the circuit court is in error it necessitates delay and a double hearing after appeal. If a defendant is not willing to risk his case on demurrer, it is much better to let it proceed on the facts, when, if the bill is originally more or less

defective, amendments can be allowed in furtherance of justice.

In the present case the bill, in our opinion, makes out a case of equity which should be heard on the facts. The two complainants are affected in the same way, and apparently to a very serious extent,—not merely by an assessment to build a ditch which does them no good, but also by an interference with an old water-course, which cost them a good deal of money, and is valuable. The bill must be taken as true on this hearing, and, if so, the drain is a regular county drain. But whether so or not, it is an old drain, which they have rights in just as valuable, whatever its origin may have been.

There is no remedy at law which would protect them completely. And the bill charges fraud in the defendant in covering up a scheme for his own benefit. The truth of this can only be determined by testimony, but it is an element which may possibly be important.

Upon the bill, had it been demurred to regularly, we think enough appears to authorize further examination. The hearing ought to have been completed on proofs.

The decree must be reversed, and the case remanded for further proceedings.

The other Justices concurred.