JOSEPH TOMLIN AND BETSY A. TOMLIN v. MORELL E. NEWCOMB, DRAIN COMMISSIONER.

*Drains—Jurisdiction of township commissioner—Location of upon line of county drain.*

A township drain commissioner has no *jurisdiction* to locate a township drain upon the line of a drain laid by the county drain commissioner, unless such *first* drain has been legally vacated or abandoned. *Zabel v. Harshman,* 68 Mich. 273, 275.

Appeal from Eaton. (Hooker, J.) Submitted on briefs May 3, 1888. Decided May 18, 1888.

Bill to enjoin the construction of a township drain. Complainants appeal from a decree dismissing bill on general demurrer. Reversed and case remanded. The facts are stated in the opinion.

*Dean & McCall* and *P. S. DeGraff,* for complainants.

*Shriner & Fox,* for defendant.

SHERWOOD, C. J. The defendant is township drain commissioner, in the township of Kalamo, in the county of Eaton.

Complainants file their bill in this case to perpetually enjoin him from continuing the construction of a drain through their lands and over the same line and route where one was duly laid out and constructed in 1877 by the county drain commissioner, known as the "Fairfax County Drain," and for which the complainants at that time released the right of way, and were taxed to aid in its construction. Said Fairfax drain has never been taken up, vacated, or discontinued, but has been continued down to the time of the commencement of this

suit in use as such drain, and was at that time a well-recognized water-course, maintained for the purpose of draining said lands; and the only question in this case is, can the township drain commissioner, under the provisions of the drain law, take proceedings and establish a township drain upon the same line, through the same lands, against the objection and protest of the owners thereof, and assess them for the construction of such drain, before any proceedings have been taken to vacate or discontinue the county drain?

This is now attempted to be done by the defendant in this case, and in his efforts up to the time of commencing this suit he had succeeded in securing a survey and condemnation of complainants' property, and had made an order establishing the drain upon the route surveyed, and designated it as the "Bassett Drain," and made an assessment for a large portion of the expense of constructing the same against the property of complainants, and was at the time of filing of complainants' bill engaged in constructing said drain.

Upon the filing of complainants' bill a temporary injunction was issued restraining him from further proceeding with the work.

The case was heard before Judge Hooker, in the Eaton circuit, upon general demurrer to complainants' bill, which was sustained by the court, and the bill dismissed. Complainants appeal.

We think the learned circuit judge was in error in the decree made. The bill shows by its averments that neither of the complainants ever consented in any manner to any of the proceedings being taken to lay out, establish, or construct said drain, but have opposed every step that has been taken by the township drain commissioner with that object in view, their objection being that he was without jurisdiction in the premises, the proceeding being entirely unauthorized by the

statute. The court, taking a different view of the case, said, in passing upon the questions raised:

" The bill shows that proceedings were had before the probate court, at which the complainants were present with counsel, and participated, and that at their request a jury was had under the statute, and that the question raised here was raised both before said court and jury.

" Complainants claim that the defendant had no jurisdiction to lay a drain over a county drain, and that the proceedings are void for want of jurisdiction.

" Defendant, on the other hand, asserts that the question is *res adjudicata,* for the reason that the question was adjudicated in the course of the proceedings in the manner provided by law, and that the complainants, having neglected to remove the proceedings to the circuit by *certiorari,* are precluded by the statute from now resorting to any other remedy. It goes without saying that the county drains are not subject to destruction at the hands of town drain commissioners, provided those interested in their maintenance take the necessary measures to protect them; but like all other rights in real property they may be lost by inattention and laches. It is probable that any person interested in a county drain might take measures to prevent its destruction unlawfully, and if not a party to the proceedings to lay out a new drain. In this case equity would afford relief to any such persons.

" But in this case the complainants own land within the jurisdiction of the defendant. Upon a proper notice they are brought before the tribunal that is charged with the duty of determining their liability to have the drain laid upon their lands. They appear and contest it upon a question of fact, viz., that, by reason of its interference with an existing county drain, the new drain cannot or should not be laid. The tribunal decides otherwise, and, without taking the course prescribed to review its decision, the complainants wait until the time within which such action may be taken is past, and until contracts are made and assessments made, and then ask a court of equity to restrain proceedings.

" But they cannot obtain such relief. The serious obstacles in the way of executing our drain laws, by reason of technicalities, is a hardship upon the public. It is no infrequent thing to find persons enjoying the benefit of drains that they have not aided in paying for, by reason of some defect that has enabled them to avoid the payment of the tax

assessed for their construction; and others, who have constructed the drain, with worthless orders in their pockets.

" In this case the complainants have had their day in court. They had the right and the opportunity to raise the question of fact, which they claim is sufficient cause why they should not be subjected to a share in the expense of this drain. Their own bill shows that they did raise it, and that it was decided against them. Not having taken steps to reverse this action, they are bound by it."

We think the court is in error in the view taken of the proceeding and upon the ground relief is asked. The objection to the proceeding made is not a technical one. It is one going to the right of the township drain commissioner to act at all in the premises,—whether he has any authority under the statute to lay out any drain where he is attempting to construct one,—and, if he has not, then there can be neither waiver nor laches in the case. Irregular action might present an entirely different question.

The proceeding is claimed to be taken under the drain law of 1885. No action can be taken by the drain commissioner except he has authority for so doing in the statute. The law provides that he may, upon proper application being made by the owner of any land through which a drain passes, cause it to be widened, cleaned out, or deepened. He may also relocate or extend the line of any drain if the same shall be necessary in order to provide a suitable outlet, and he may declare any drain vacated and abandoned if, in his judgment, the same has ceased to be of public utility, upon a proper application for the purpose: *Provided*, That private rights of persons acquired by reason of the location and establishment of such drain shall not be interfered with or in any way be impaired thereby. But in all these cases special application must be made therefor, and upon the notice being given to those interested as is required in the location of a drain; and no relocation of or extension of the line of a drain can be made except upon the like application, notice, hearing,

and award as is prescribed for the construction of drains in the first instance. Sections 4 and 5, chapter 8, Act No. 228, Laws of 1885.

The proceeding stated in the bill of complaint, and sought to be enjoined, is not one to vacate the old drain, nor to declare it abandoned, nor to relocate or extend the line of a drain, nor to change, widen, or deepen the water-course already established. A drain cannot be relocated or re-established on the line of another until the first has either been vacated or abandoned. There is no statute authorizing either the township or county drain commissioner to do this. The bill of complaint avers that the action taken in this case by the township drain commissioner is to accomplish this object, and must be held illegal. The case coming before us on demurrer, the facts averred are undisputed. Upon plea or answer they may be denied, and under the practice the defendant must be permitted to do this.

The decree sustaining the demurrer and dismissing the complainants' bill will therefore be reversed, with costs, and the defendant will be allowed 20 days in which to plead or demur, and the record will be remanded for further proceeding.

CHAMPLIN, MORSE, and LONG, JJ., concurred.