ARTHUR D. TINSMAN, COUNTY DRAIN COMMISSIONER, v. THE PROBATE JUDGE OF MONROE COUNTY.

*Drains—Application to improve—Jurisdiction.*

1. A township drain was extended into an adjoining township by the *joint* action of the drain commissioners of the two townships, and formed, with the extension, one continuous drain. An application was made to the county drain commissioner under section 1 of chapter 8 of Act No. 233, Laws of 1889, to widen and deepen the drains, in which application both were described as one continuous drain, under one name. And it is held that the original drain and the extension were in fact and in law one drain, and were properly included in one proceeding for their widening and deepening.

2. In such a case the application must be signed by at least one freeholder who was assessed for the construction of the original drain, and by at least one who was assessed for the construc-

tion of the extension, which requirement is jurisdictional, and such facts must appear upon the face of the application.

*Mandamus.* Submitted October 21, 1890. Denied October 22, 1890.

Relator applied for *mandamus* to compel the respondent to appoint commissioners to condemn land for drain purposes. The facts are stated in the opinion.

*Willis Baldwin,* for relator.

*George M. Landon,* for respondent.

CHAMPLIN, C. J. Relator is the county drain commissioner of Monroe county.

In 1874, a drain was laid out and constructed in the town of Frenchtown called the "Stewart Drain." It was extended into the adjoining town of Raisinville, and such extension was called the "Stewart Extension Drain." When constructed it formed one continuous drain. The Stewart drain was laid out by the township commissioner of Frenchtown, and the Stewart Extension drain by the joint action of the drain commissioners of Frenchtown and Raisinville. The relator was applied to by petition to widen and deepen these drains, which petition embraced a description of both drains as one continuous drain, under the denomination of the "Stewart Drain." He acted upon the petition, and was unable to procure a release of lands proposed to be taken for the purpose of widening the drain, and consequently applied to the probate court for the appointment of commissioners. David, Mary, and Alexander Stewart appeared in obedience to a citation before the court, and made several objections to the granting of the application for the appointment of commissioners, only two of which will be noticed here.

The probate court declined to appoint commissioners upon the grounds—

1. That proceedings by the county drain commissioner to widen and deepen the Stewart drain could not be entertained, because there were two drains embraced in the application, and it required two separate proceedings, which could not be united in one.

2. Because the county drain commissioner did not obtain jurisdiction to act at all, for the reason that the petition did not show that one or more of the petitioners was owner or were owners of land which, at the time the drain was constructed, was assessed therefor.

These objections were those taken by the Stewarts, above referred to.

The first objection stated is untenable. The Stewart and the Stewart Extension drains are in fact and law one drain, and there is no reason why they may not be included in one proceeding to widen and deepen, provided the petition is signed by one or more freeholders who were assessed for the construction of each of the drains; that is, by one at least who was assessed for the construction of the Stewart drain, and by one at least who was assessed for the construction of the Stewart Extension drain.

The other objection is fatal to the proceedings. The petition does not show that one or more of the petitioners were assessed for the construction of these two drains which they asked to have widened and deepened. The statute requires this, and the requirement is jurisdictional. Act No. 233, Laws of 1889, p. 351, chap. 8, § 1. The petition on its face must show jurisdictional facts.

The *mandamus* must be denied.

MORSE, CAHILL, and GRANT, JJ., concurred.