### BERRY v. TINSMAN.

DRAINAGE—DAMAGES—DEEPENING DRAINS.

The owner of lands assessed for the construction of a given drain, which is crossed by a drain subsequently constructed at a grade 18 inches below the bottom of the former, is not damaged by a subsequent deepening to the extent of 10 inches of the latter drain, where he is interested in the former one only as it operates to drain his lands.

Error to Monroe; Kinne, J. Submitted February 18, 1896. Decided March 24, 1896.

*Certiorari* by John W. Berry to review the action of Arthur D. Tinsman, county drain commissioner, in deepening and widening a drain. From a judgment sustaining the action of the commissioner, plaintiff brings error. Affirmed.

*Elam Willard* and *Charles A. Golden*, for appellant.

*Willis Baldwin* and *Ira G. Humphrey*, for appellee.

MONTGOMERY, J.    Plaintiff sued out of the circuit court a writ of *certiorari* to review the action of the drain commissioner in deepening and widening a certain drain known as the ":Babcock and Baker Drain." The circuit court sustained the action of the commissioner, and plaintiff brings error. It appears by the record that the plaintiff is the owner of land assessed for the construction of the Plank Road drain, the southern outlet of which is Swan creek. This drain was laid out in 1872, and in 1874 a drain known as the "Babcock and Egypt Drain" was laid out and established, running east and west, and discharging its waters into the Plank Road drain. In 1875 a third drain was laid out and established, known as the "Babcock and Baker Drain," and commencing at a point about a half mile north of the Babcock and Egypt drain, and running thence on a general easterly course, crossing the Plank Road drain. As these drains have been constructed for 10 years, whatever defects existed in the original proceedings are not now open for consideration. This proceeding is for the deepening and widening of the Babcock and Baker drain, and, if deepened and widened as prayed for, at the point of intersection with the Plank Road drain, it will be 2 feet 4 inches below the bottom of the latter drain, and 18 inches or more below the bottom of the Babcock and Egypt drain. It appears by the return of the commissioner that the Babcock and Baker drain, when laid out, crossed the Plank Road drain at a grade 18 inches below the bottom of the Plank Road drain, and so existed, and is now below the bottom of the Plank Road drain; and the return further shows that the Babcock and Baker drain does not cross the Babcock and Egypt drain.

The contention of plaintiff is that the deepening and widening of the Babcock and Baker drain will have the

effect to destroy the Babcock and Egypt drain and the Plank Road drain from the point of intersection of these respective drains, by diverting the flow of water. As already stated, the return shows that the Babcock and Baker drain does not cross the Babcock and Egypt drain, and that the bottom of the former drain is below the Plank Road drain; so that the most that can be said is that the diversion of waters in the Plank Road drain would be a difference in degree merely. We are not able to see the force of plaintiff's contention. There is no pretense that those interested in the Plank Road drain are interested in any other way than as the drain operates to drain their lands. How the diversion of some further portion of the water, which would, but for the deepening of the Babcock and Baker drain, flow through the Plank Road drain, would operate to destroy any portion of this drain, is not apparent. If the lands are above the level of the bottom of the Plank Road drain and the Babcock and Egypt drain, it would seem that these drains would still furnish a means of draining plaintiff's lands. The vested rights of those owning land along these two drains are not in any way interfered with. The water courses, so far as they furnish a means of drainage, continue; and, unless the persons abutting the lower portion of the ditch have a right to have the water from above for power, they are in no way damnified by having the Babcock and Baker ditch deepened. We think they have not this right, particularly as the Babcock and Baker ditch, as it was originally constructed and as it now stands, diverts the waters at the point of intersection. The cases cited by plaintiff's counsel—*Tomlin* v. *Newcomb*, 70 Mich. 358; *Zabel* v. *Harshman*, 68 Mich. 270, 273—are not in point. In each of these cases an attempt was made by the township drain commissioner to establish a drain on the line of an existing county drain. This it was held he was not authorized to do, unless such existing drain had been previously vacated.

It has been determined in the present case that the deepening and widening of this ditch is a necessity, and this by a jury demanded by plaintiff.   We think the circuit judge was right in sustaining the action of the drain commissioner.

Judgment affirmed, with costs.

The other Justices concurred.