PUBLIC SCHOOLS OF WYANDOTTE *v.* HARDING.

1. RES ADJUDICATA—JUDGMENTS—REFORMATION OF CONTRACT.
   The bill of complaint does not require the reformation of a
   contract, which charged the making of an agreement with
   defendant to prepare plans and specifications for a school
   building, at a fixed price, avers the preparation of such plans
   and payment therefor, and further states that defendant in-
   stituted an action to recover on an alleged contract for a
   larger sum, that the testimony relating to the contract as
   claimed in the bill was excluded by the trial court in such
   action and a judgment recovered by defendant for the addi-
   tional amount claimed, where counsel for complainant admit
   that the evidence relating to the alleged contract was sub-
   mitted to the jury and the inference is plain that the question
   of fact was determined in the action at law.

2. EQUITY PRACTICE—HEARING.
   A bill should not be dismissed without taking proofs when the
   suit is brought on for hearing on pleadings and proofs to be
   taken in open court.

3. APPEAL AND ERROR — SUFFICIENCY OF BILL OF COMPLAINT —
   PRACTICE IN SUPREME COURT.
   The bill of complaint and statement of counsel indicating that
   the complainant is not entitled to relief, it is unnecessary to
   remand the case for the taking of proofs.

Appeal from Wayne; Donovan, J. Submitted April
28, 1909. (Docket No. 18.) Decided May 26, 1909.

Bill by the Public Schools of Wyandotte against Ed-
ward J. Harding to restrain the collection of a judgment,
and to reform a contract. From a decree dismissing the
bill, complainant appeals. Affirmed.

*Thomas A. E. Weadock*, for complainant.
*James H. Pound*, for defendant.

HOOKER, J. The complainant's bill prays an injunction restraining the collection of a judgment against it, and the reformation of the contract between the parties upon which said judgment was rendered, upon the ground of being a mistake. Answer and replication were filed, and, the cause being brought on for hearing on proofs to be taken in open court, it came to the attention of the court that, on the trial of the case in which the judgment had been rendered, the facts relied on in the present case were shown, and the verdict of a jury taken upon them. The trial court was of the opinion that, the question having been tried at law, it could not be retried in chancery, and dismissed the bill. On the hearing of this cause in this court, we understood counsel for complainant to admit that he was allowed to make the proofs upon which this cause depends in his action at law, and that a verdict was there rendered against the complainant in this case.

The case made by the bill is that the complainant corporation contemplated remodeling a school building, and asked the defendant (an architect) upon what terms he would prepare plans for remodeling the building, and he informed complainant that he would prepare such plans and specifications for $100, and would submit a proposition to the board. Soon after he submitted the following:

"WYANDOTTE, June 4, 1904.
"To B. & P. Committee of Board of Education.
"In regard to my charges for preparing plans and specifications for your high school building, I would respectfully make you the following proposition: I will make all the drawings and specifications required for remodeling the present building and the additions to the same, and superintend the construction of the work, making a daily inspection while the work is in progress, for five per cent. of the cost of the building when complete and ready for occupancy. One hundred dollars to be paid me when the drawings and specifications are complete and three hundred dollars when contract is let and the balance of commission to be paid me as the work pro-

gresses. Also, should the board after receiving bids find that the cost is more than they can expend, and should require changes to be made in the plans and specifications or it be decided to have new plans made, I will make such changes or furnish new plans without extra cost to the board. The five per cent. will be on the cost of the construction of the building, but not on the seating or furnishing. Should you not accept the above proposition, then I would ask the privilege to submit drawings in competition with other architects upon the same terms.

"Yours truly,
"E. J. HARDING,
"Architect."

At the time that the proposition was submitted, defendant was asked orally how much his charges would be for the plans in case the building was not reconstructed according to said plan, whereupon he replied orally that his charge for the plans and specifications would be $100, and afterwards the board, acting and relying upon said statement of defendant that said plans and specifications were to be furnished for $100, recommended that said plans and specifications be adopted, and they were adopted, but said Harding's proposition was not accepted, and he was afterwards paid the sum of $100. Complainant advertised for bids under said plans and specifications, but the bids exceeded the amount that the board was authorized to expend, and consequently bids were again advertised for and submitted in accordance with changes made in said plans by defendant. Subsequently competitive plans for a new building were asked; it having been determined not to remodel the old building, and a new building was constructed after plans submitted by another architect. Defendant afterwards presented a bill against complainant for $770 for his plans and specifications for remodeling the schoolhouse, and this claim was disallowed. He thereupon began an action at law to recover the same, and upon the trial all testimony relating to the agreement that $100 was to pay in full for said plans and specifications was excluded by the court for the reason that the contract

in relation thereto was in writing, and any oral testimony prior to, and contemporaneous with, said contract should be excluded, and a verdict was rendered in defendant's (*i. e.* Harding's) favor for $804.34. The bill avers that the contract made between complainant and Harding was a contract to furnish plans and specifications for $100, and that the same has been paid, and prays a reformation of the contract accordingly.

Ordinarily a bill should not be dismissed without giving complainant an opportunity to take proofs, where it is brought on for hearing on pleadings and proofs to be taken in open court. *Zabel* v. *Harshman*, 68 Mich. 270 (36 N. W. 71); *Culy* v. *Upham*, 135 Mich. 135 (97 N. W. 405, 106 Am. St. Rep. 388).

It does not follow, however, that, upon appeal, this court must reverse the decree of dismissal, and remand the case for the taking of proofs, where the bill fails to state a cause for relief, and the opening and statements of counsel show that complainant is not entitled to relief. *Culy* v. *Upham, supra.* In this cause the bill shows that the parties made a valid contract for the furnishing of plans and specifications for a price agreed upon; *i. e.*, $100. It also shows that defendant sued upon another and different claim of contract, which complainant alleges was not made, and that he recovered a verdict of a jury that such contract was made, after a trial. Counsel stated on the argument before us that he was allowed to make proof of his alleged $100 arrangement in the action at law, and take the verdict of the jury upon it, although the bill states that this testimony was excluded upon the ground that oral testimony tending to contradict the terms of a written contract was not admissible. The bill does not state a case for the reformation of a contract on the ground of mistake, and the record conclusively shows that complainant is not entitled to such relief. The inference is irresistible that these parties do not agree as to what the contract was. That involves a question of fact, and it was com-

petent to try it in the action at law, and apparently it was so tried.

We are of the opinion, therefore, that the decree dismissing complainant's bill should be, and it is, affirmed, with costs.

MONTGOMERY, OSTRANDER, MOORE, and McALVAY, JJ., concurred.