WHITE v. PALMER.

1. PLEADING—PARTIES—AMENDMENT MAY BE MADE BY STRIKING OUT NAME OF WRONG PARTY AND SUBSTITUTING NAME OF REAL PARTY.

Where error in naming the attorney as plaintiff in certiorari to review drain proceedings in the circuit court

could have been cured by amendment, by striking out his name and substituting the name of the client, who was the real party in interest, the Supreme Court, in reviewing the proceedings on error, will regard the amendment as made.[1]

2. DRAINS—OATH OF OFFICE OF COMMISSIONER MISLAID.

Objections that the drain commissioner had failed to file his oath of office are without force, where it appears that it was properly filed but was mislaid, and was found and produced at the hearing.[2]

3. SAME—DEFECT IN BOND CURED—STATUTE.

Defect in the drain commissioner's bond, in that it was approved by the board of supervisors, through its chairman, instead of by the county clerk, county treasurer, and probate judge, was properly corrected, as authorized by 3 Comp. Laws 1915, § 12488.[3]

4. SAME—SUFFICIENCY OF PETITION—STATUTES.

A drain petition which alleges that the 21 petitioners are freeholders of the proposed drainage district, and that the whole number of freeholders affected by the proceedings is 34, shows on its face, although it does not so state directly, that at least one-half of the petitioners will be assessed for the proposed drain, and therefore, sufficiently complies with 1 Comp. Laws 1915, § 4880, as amended by Act No. 316, Pub. Acts 1923, chap. 3, § 1.[4]

5. SAME—EXISTING DRAIN MUST BE RECOGNIZED BY PROCEEDINGS IF USED IN CONSTRUCTING NEW ONE.

A new drain may not be located on the line of another drain until that drain has been either vacated or abandoned, unless the old drain is recognized by the proceedings for the new drain.[5]

6. SAME—NO NEW PETITION TO CLEAN OUT EXISTING DRAIN REQUIRED IF RECOGNIZED IN PROCEEDINGS.

If existing drains are to be used in the construction of a new drain, it would need no additional petition to clean them out, but the order of determination of the drain commissioner should provide for such cleaning out and thus recognize their identity.[6]

---

[1]Appeal and Error, 4 C. J. § 2683; [2]Drains, 19 C. J. § 34; [3]Id., 19 C. J. § 35 (Anno); [4]Id., 19 C. J. § 61; [5]Id., 19 C. J. § 154; [6]Id., 19 C. J. §§ 119, 191.

7. SAME—OBJECTION RELIED ON MUST BE AFFIRMATIVELY SHOWN. Where it is not affirmatively shown that the order of determination of the drain commissioner did not provide for cleaning out existing drains, used in the construction of a new drain, it will not be assumed that it did not so appear, and objections based thereon will not be further considered by the Supreme Court.[7]

Error to St. Joseph; Johnson (Clayton C.), J.   Submitted October 7, 1925.    (Docket No. 16.)    Decided December 22, 1925.

Certiorari by Frederick M. White, attorney for Ella Freeman McKee, against Fred A. Palmer, drain commissioner of St. Joseph county, to determine the validity of certain drain proceedings.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Frederick M. White,* for appellant.

*James T. Sloan* (*W. Glenn Cowell,* of counsel), for appellee.

BIRD, J.    Plaintiff brought certiorari proceedings to determine the validity of certain drain proceedings in St. Joseph county.    Her objections were overruled by the trial court and she assigns error.    The petition was to locate and establish a drain about four miles in length.

1. Before proceeding to a consideration of the case we will dispose of an objection made by the appellee. He insists that there is no proper party named as plaintiff.    As the title stands, Mr. White, the attorney, is plaintiff.    Mr. White had no interest in the controversy.    He was a nominal party representing his client.    Ella Freeman McKee, his client, was the owner of the land in the assessment district and she was the real party in interest.    She should have been made plaintiff.    This could have been cured by amend-

[7]Appeal and Error, 4 C. J. § 2663.

ment by striking out Mr. White's name and substituting her name as plaintiff. This court will regard that amendment as having been made. *Morford* v. *Dieffenbacker*, 54 Mich. 593; *Newton* v. *Railway*, 163 Mich. 373.

2. At the time the petition was filed and acted upon the oath of office of the drain commissioner could not be found by the county clerk. It, however, appeared on the hearing that the oath of office was actually filed, but had been mislaid. It was subsequently found and produced at the hearing. Inasmuch as the oath of office was in existence when the proceedings were begun counsel's objections are without force.

3. It also appeared that the bond of the defendant was defective, in that it had been approved by the board of supervisors, through its chairman, instead of by the county clerk, county treasurer and probate judge. When the defect was called to defendant's attention it was corrected. This was proper and was authorized by 3 Comp. Laws 1915, § 12488, the statute providing for the correction of defective bonds.

4. Exception is taken to the petition. Counsel argues that it was not sufficient to give the commissioner jurisdiction. The point made against it is that it failed to allege that one-half of the petitioners would be liable for an assessment of the construction of the drain. The material part of the statute provides:

"Before a commissioner takes any action on any application to locate, establish and construct any drain, there shall first be filed with him an application to lay out and designate a drainage district with reference to a proposed drain therein; such application shall describe such proposed drain by its starting point, its general direction and terminus. The application shall be signed by not less than ten freeholders of the township or townships in which such proposed drain, or the proposed lands to be drained thereby, may be situated: *Provided,* That one-half of said signers shall be owners of land liable

to an assessment for the construction of such proposed drain." 1 Comp. Laws 1915, § 4880, as amended (Act No. 316, Pub. Acts 1923, chap. 3, § 1).

The petition in the present case is as follows:

"To the Drain Commissioner of the County of St. Joseph:

"Your petitioners respectfully show that they are freeholders in the drainage district as laid out and designated in your order of the 14th day of December, 1923, in the county of St. Joseph, State of Michigan, in which said district the Beaver Lake drain and extension herein applied for is to be located, established and constructed."     *     *     *

(The application then shows the names of all the persons whose lands will be affected by said improvement, 34 in number, and then shows 21 signers to the petition.)

It will be noted that the petition alleges that the petitioners are freeholders, not of the county, but freeholders of the drainage district. The whole number of freeholders affected by said proceedings is 34. The number of petitioners is 21, thereby showing that each one of them would be liable to an assessment. We understand that this court has said that the jurisdictional facts must appear upon the face of the petition (*Tinsman* v. *Monroe Probate Judge*, 82 Mich. 562), but we think the present petition fairly shows on its face that one-half of the petitioners will be assessed for the proposed drain. It does not state so directly, but from the several allegations in the petition it sufficiently appears. We think the petition was sufficient.

5. Plaintiff says the proposed drain follows for a distance along the course of Spring creek, then proceeds a distance on Grover drain, and also a distance on Beaver Lake drain. It is contended, in view of this, that the proceedings should have been one to clean out, widen and deepen. Of course, a new drain

cannot be located on the line of another drain until that drain has been either vacated or abandoned (*Tomlin* v. *Newcomb,* 70 Mich. 362), unless the old drain is recognized by the proceedings for the new drain. There is no proof as to whether these drains have been abandoned, but the return of the commissioner fairly shows that they are existing active drains, and it also appears that he intends to use portions of them for the construction of the new drain. If these drains are subsisting active drains it would need no additional petition to clean them out, but the order of determination of the commissioner should provide for such cleaning out. In this way the identity of the old drains would be recognized. *Sturm* v. *Kelly,* 120 Mich. 685. Whether this provision was made by the commissioner in his order of determination does not appear in the record. We cannot assume that it did not so appear. It was plaintiff's duty to show affirmatively that it did not appear if she desired the benefit of the holding. Her failure in this respect will prevent our further consideration of the assignment. We think the other assignments will need no consideration.

The judgment of the trial court will be affirmed.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.