## TOWNSHIP OF IMLAY *v.* WURZEL.

1. DRAINS—JURISDICTION—INJUNCTION—CERTIORARI.

   If drain commissioners are without jurisdiction to locate new drain on line of old established drain without first vacating old drain, parties interested may maintain suit to restrain its construction; review in such case not being limited to certiorari.

2. SAME—LOCATING NEW DRAIN ON LINE OF OLD ONE.

   Township drain commissioner has no jurisdiction to locate township drain on line of county drain, unless latter has been legally vacated.

3. SAME—RECOGNITION OF OLD DRAIN.

   Merely giving name of old drain to new one located on line of old is not recognition of old.

4. SAME—LOCATING NEW DRAIN ON LINE OF OLD ONE—STATUTES.

   Establishing new drain over existing, active drain, which has not ceased to be of public utility and is as necessary as when located and constructed, is not authorized by statute, and, without express authorization, may not be done (1 Comp. Laws 1929, § 4966).

5. SAME—NECESSARY EXISTING DRAIN MAY NOT BE VACATED.

   Existing drain which is as necessary as when located and constructed may not be vacated, but, under statute, it may be utilized in proceedings to extend, widen, or deepen.

6. SAME—VESTED RIGHTS IN EXISTING DRAIN.

   Law provides funds for repair of existing drains and recognizes vested rights in use and maintenance thereof.

7. SAME—TRI-COUNTY DRAIN—JURISDICTION—AMENDMENT OF STATUTE.

   Proceedings by county drain commissioners to locate new tri-county drain on line of old established drain which is still subsisting and serviceable were without jurisdiction, and are not saved by amendment of Act No. 318, Pub. Acts 1929, chap. 16, § 1 (1 Comp. Laws 1929, § 4966).

8. SAME—WHEN DRAIN MAY BE VACATED.

   Only drains which have ceased to be of public utility and are no longer necessary may be abandoned and vacated (1 Comp. Laws 1929, § 4966).

9. Same—Drain Abandoned in Fact Need Not be Vacated Until Construction of New Drain—Statutes.

 If drain is not subsisting and serviceable one, and, therefore has been abandoned in fact, and new drain is necessary, then, under 1 Comp. Laws 1929, § 4966, abandoned drain need not be vacated until construction of new drain.

Appeal from Lapeer; Houghton (Samuel G.), J., presiding. Submitted January 29, 1932. (Docket No. 96, Calendar No. 36,206.) Decided June 6, 1932.

Bill by Township of Imlay in Lapeer County, and others against William H. Wurzel and others, tri-county drain commissioners, to enjoin construction of a tri-county drain. Bill dismissed. Plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*John Loughnane* and *Glen Smith,* for plaintiffs.

*Walsh, Walsh & O'Sullivan* (*John C. Spaulding,* of counsel), for defendants.

Wiest, J. In 1893, a tri-county drain, about 13 miles long, was established and constructed along a natural watercourse, at a cost of $26,000, including highway bridges. Rights therein became vested and have never been divested. In November, 1929, drain commissioners of the three counties laid out, with approval of the commissioner of agriculture, a drainage district and ordered a new drain to be constructed over the course of the existing drain, but extending the upper end thereof about four miles and the lower end a short distance, without vacating the existing drain or giving consideration to vested rights therein. The proposed new drain will not materially deepen or widen the old one and will not afford abutting proprietors on the old drain any new benefits, and will flood proprietors below the lower

end thereof and occasion the construction of new highway bridges. The expense will amount to nearly $300,000.

Plaintiffs, by the bill herein, seek restraint of the proposed drain. The bill was dismissed.

Defendants assert authority under section 1, chap. 16, Act No. 318, Pub. Acts 1929 (1 Comp. Laws 1929, § 4966). That section reads:

"Any drain which has ceased to be of public utility and is no longer necessary within the meaning of the act, may be declared to be abandoned and vacated, if in the opinion of the commissioner, or drainage board, having jurisdiction of such drain it is no longer necessary and has ceased to be of public utility. No action, however, shall be so taken, except upon a petition therefor, which petition shall be subject to the provisions relating to petitioners for county or inter-county drains, as the case may be, and upon five days' notice thereof, by posting only as provided for the letting in the first instance: *Provided,* That private rights of persons acquired by reason of the establishment and construction of such drain shall not be interfered with, or in any way be impaired thereby. If it be contemplated to construct a new drain on or near the line of an existing drain so as to make the existing drain unnecessary, it shall not be necessary to vacate such existing drain until the new drain is constructed and ready for service."

The section, with the exception of the last provision, has been upon the statute books many years, was amended in 1929 by adding thereto the provision relative to the construction of a new drain on or near the line of an existing drain.

Two questions are presented:

"1. Had the drainage board jurisdiction to locate a new drain on the line of an old established drain without first vacating the old drain?

"2. Should the proposed drain be restrained because of claimed insufficient outlet?"

All plaintiffs are interested in the first question, and only a few in the second. If the first question is answered in the negative, then all plaintiffs are rightfully in court, for review in such case is not limited to certiorari.

The new drain will disturb the old drain but slightly, and the whole purpose thereof could be adequately attained under the statutes relating to widening, deepening, extending, and cleaning out established drains. Assessments, however, for benefits in such case would manifestly be different, for lower proprietors would not be made to help pay for the upper extension.

Final order had been made at the time the injunction herein was issued.

The deputy commissioner of agriculture testified:

"Cleaning out the old Mill Creek drain, if it was cleaned out properly, would have the same effect that this will."

In laying out the new drain the existence of the old drain was wholly ignored, for the new proceeding makes no reference to the existing drain, except retention of the name.

The civil engineer who designed the new drain testified:

"*Q.* So that as a matter of practical construction along the part of this improvement which corresponds with the improvement made in 1893, is the construction any different than if it were a widening and cleaning out of that old improvement?

"*A.* It might be if it were merely a widening and not deepening. It would, of course, give us a dif-

·ferent grade on the deepening or changing the grade.

"*Q.* Would the work be any different if this were under the proceedings to widen, extend and deepen and so forth?

"*A.* No, the work would be the same."

The old drain has a bottom width of 33 feet over its entire length, and is approximately the same depth as the proposed new drain, and it is intended to utilize the old drain in construction of the new. This will require little more, if anything, than cleaning out the old drain.

It is stated in the brief of counsel for defendants that:

"No additional land is to be drained by the new improvement and no new water will be brought down into Mill Creek.

"It is not claimed that the proposed drain will bring a quart of water into Mill Creek other than was drained there in a state of nature, or at least by the old drain."

Counsel for defendants also say:

"This court has never held that a drain commissioner or board could not lay a new drain over the course of an old one without vacating the old.

"In discussing this question, it must be borne in mind that this is not a case where there is an attempt to destroy the old drain. This drain does not destroy the old drain; it does not vacate it; but it utilizes it to its fullest extent."

This court has held that a township drain commissioner has no jurisdiction to locate a township drain upon the line of a county drain, unless the county drain has been legally vacated. *Zabel* v. *Harshman,* 68 Mich. 273; *Tomlin* v. *Newcomb,* 70 Mich. 358.

In *White* v. *Palmer*, 233 Mich. 32, it was said:

"Of course, a new drain cannot be located on the line of another drain until that drain has been either vacated or abandoned (*Tomlin* v. *Newcomb,* 70 Mich. 358, 362), unless the old drain is recognized by the proceedings for the new drain."

Giving the name of the old drain to the new one is not recognition of the old. We find no recognition of the old drain in the proceedings establishing the new one. The old drain has not been abandoned; it is an active, existing drain, serving the purpose for which it was constructed, and, if cleaning out is needed, the law points the only way for accomplishing such end. Establishing a new drain over an existing, active drain, which has not ceased to be of public utility and is as necessary as when located and constructed, is not authorized by statute, and, without express authorization, cannot be done. Such an existing drain cannot be vacated. It may be utilized in proceedings to extend, widen, or deepen, for the statute so provides, but under claim of such need, no new drain may be laid out over it. The law provides funds for the repair of existing drains and recognizes vested rights in the use and maintenance thereof. The proceeding before us is to establish a new drain and in no respect can it be likened to one in recognition of the existing drain.

The proceedings taken were without jurisdiction and not saved by the mentioned amendment to the drain law in 1929. The amendment, if given the effect invoked by defendants, renders the section, to which it is annexed, contradictory and repugnant in its terms.

Clearly, the legislature did not intend to repeal any part of the re-enacted section, nor should we

hold that the amendment nullifies any part of the section, unless no other course is open. The amendment relates, of course, to the subject-matter of the section. This subject, plainly expressed, has reference to drains which have ceased to be of public utility and are no longer necessary. Such drains, and such only, may be abandoned and vacated. If a drain is not a subsisting and serviceable one, and, therefore, has been abandoned in fact, and a new drain is necessary, then, under the amendment, the abandoned drain need not be vacated until after construction of the new drain. This construction, it is true, leaves the act still somewhat contradictory. But it is such construction, or elimination of the amendment, for certainly it was never intended to authorize construction of a new drain on the line of an existing, serviceable drain, neither abandoned nor vacated. A contrary holding would nullify other positive provisions relative to lengthening, widening, deepening, and cleaning out existing drains, and authorize a new drain, in any case, over the line of an existing, serviceable drain, with the expense of survey, releases or condemnations, and assessments, without, as here admitted, any benefit to abutting proprietors having vested rights in an existing drain.

The whole proceeding was without jurisdiction and void.

The decree in the circuit is reversed, and a decree will be entered in this court, permanently enjoining construction of the proposed drain.

Plaintiffs will recover costs.

MCDONALD, SHARPE, FEAD, and BUTZEL, JJ., concurred with WIEST, J. CLARK, C. J., and POTTER and NORTH, JJ., concurred in the result.