WINTERSTEIN v. SAGINAW DRAIN COMMISSIONER.

1. DRAINS—NEW DRAIN—RECOGNITION OF OLD DRAIN ON SAME LINE.
   A new drain cannot be located on the line of another drain until the latter has been either vacated or abandoned unless the old drain is recognized by the proceedings for the new drain (PA 1956, No 40, § 443).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3] 17A Am Jur, Drains and Sewers §§ 48, 49, 51–53.
[4] 14 Am Jur, Costs §§ 21–24.
   17A Am Jur, Drains and Sewers § 46.

2. Same—New Drain—Recognition of Old Drain—Apportionment
   of Benefits.

   Recognition of an existing drain by a new drain to be constructed
   on the same line should show an apportionment of benefits in
   the new drain to abutting owners after consideration of the
   remaining benefits in the old drain, the assessing process
   involving the computation of benefits reasonably to be an-
   ticipated from continued operation of the existing drain
   insofar as abutting owners thereto are concerned (PA 1956,
   No 40, § 443).

3. Same—New Drain on Line of Existing Drain—Apportionment
   of Benefits—Evidence.

   Denial of admission of evidence having to do with the apportion-
   ment of benefits was reversible error in suit to enjoin the
   construction of a new drain on the line of an existing drain
   that had not been vacated or abandoned (PA 1956, No 40,
   § 443).

4. Costs—Construction of Statutes—Drains.

   No costs are allowed in suit to enjoin the construction of a new
   drain on the line of an existing drain, where a question of
   statutory construction was involved (PA 1956, No 40, § 443).

Kelly and Black, JJ., dissenting.

Appeal from Saginaw; Sweet (Lucien F.), J., pre-
siding. Submitted January 2, 1962. (Calendar No.
7, Docket No. 49,105.) Decided March 7, 1963.

Bill by Walter F. Winterstein against Herbert J.
Dietrich, Drain Commissioner for Saginaw County,
to enjoin construction of drain and proceedings to
levy special assessment against his land therefor.
Decree for plaintiff. Defendant appeals. Reversed
and remanded for determination of recognition given
previously existing drain.

*Floyd T. Fuss,* for plaintiff.

*Gilbert & Gilbert (Donald W. Gilbert,* of counsel),
for defendant.

OTIS M. SMITH, J.  On application to the Saginaw county drain commissioner in 1956, a number of freeholders in Saginaw township in said county petitioned the drain commissioner to locate and establish a drainage district under PA 1956, No 40.* Petitioners appeared to be lot owners in various subdivisions in the area.  In due course, the drain commissioner took steps to establish the drainage district, including survey by the engineer,—an order designating the drainage district was noticed by publication describing the drain.  Other necessary steps appear to have been taken according to the statute for establishing a new drainage district.  Plaintiff-appellee was notified and was represented by counsel in the proceedings.  After the final order of determination by the drain commissioner, appellee, Winterstein, filed a bill in equity to enjoin the commissioner from proceeding with the drain assessment and construction of the drain, the latter to have been done by defendant construction company.  Appellee claimed that the commissioner had no jurisdiction to establish a new drain because it would be constructed over a substantial portion of a public drain existing since 1899 and still in use.  The old drain is known as the Winterstein drain and the proposed new drain would be known as the "Winterstein Drain and Branches."  The old Winterstein drain is of the open-ditch type suitable for draining lands used for farming.  Winterstein who uses his lands for farming finds the old drain adequate for its original purpose.  The proposed new drainage district which lies adjacent to the city of Saginaw encompasses, among other things, a large suburban development. The development includes 16 subdivisions containing over 1,000 lots and in 1956 had more than 300 resi-

* See, currently, CLS 1956, § 280.1 et seq., as amended (Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 11.1001 et seq.).—REPORTER.

dential homes in the area. The new project proposes a closed, tiled, combination sewer and storm water drain, said to be necessary and suitable for this growing area.

After vigorous and protracted pretrial proceedings, hearings were held in 1959, and the matter decided early in 1960. In the pretrial statement of the court, after various motions and amendments with reference to pleadings, it was stated that the remaining issue to be tried was the legality of having "the proposed drain travel over a former properly established drain." The trial judge found that the proposed new drain follows a course of the previously established drain; that the established drain was still in use, and had never been vacated or abandoned. He held that the case is controlled by our decision in the *Township of Imlay* v. *Wurzel,* 258 Mich 595. In *Wurzel,* the commissioner had ordered a new drain constructed over the course of an existing drain with extensions at the upper and lower ends of the existing drain, without vacating the existing drain or giving consideration to vested rights therein. It was found by the Court in *Wurzel* that the proposed new drain would not materially deepen or widen the old drain and would not afford abutting property owners any new benefits. It was also found that the new drain would disturb the old drain, only slightly, and that the whole purpose could be adequately attained by widening, deepening, extending and cleaning out the old drain as provided in the statute. Despite the findings in *Wurzel* which showed the new drain to be of doubtful need, of no benefit, there is language in *Wurzel* which suggests a broad interdiction against new drains being established and constructed in or about old drains which have not been formally vacated or abandoned. It is necessary therefore to reassert our interpretation of what the drain law requires. Any language in

*Wurzel* which extends beyond this opinion we decline to follow.  The opinion in *Wurzel* reads in part as follows (p 600):

"In *White* v. *Palmer,* 233 Mich 32, it was said:
" 'Of course, a new drain cannot be located on the line of another drain until that drain has been either vacated or abandoned (*Tomlin* v. *Newcomb,* 70 Mich 358, 362), unless the old drain is recognized by the proceedings for the new drain.' "

We reaffirm our opinion that a new drain cannot be located on the line of another drain until that drain has either been vacated or abandoned, unless the old drain is recognized by proceedings for the new drain.  Obviously, the key question is what constitutes "recognition."  An examination of the older cases does not yield a definitive statement as to what "recognition" means.  There is a hint in *Wurzel* (p 601) that 1 element of recognition would be "benefit to abutting proprietors having vested rights in an existing drain."  Other cases seem to indicate that the doing of some act such as cleaning out the old drain is sufficient to constitute recognition.  It has been argued in this case by counsel for appellant that the drain commissioner's order of determination which set forth, among other things, that a portion of the old Winterstein drain is to be tiled was sufficient to constitute recognition.  It would seem that a proper definition of recognition would show an apportionment of benefits in a new drain to abutting owners, after consideration of the remaining benefits in the old drain.  The assessing process involves computation of benefits reasonably to be anticipated from continued operation of the existing drain insofar as abutting owners to the existing drain are concerned.  Of course, this contemplates satisfaction of all other statutory requisites for establishing and constructing a new drain.  It is helpful to note that

legislative sanction has been given to the principle of recognition in at least a portion of the drain law.*

On objection of counsel for appellant, appellee was not permitted to present evidence having to do with apportionment of benefits. In the posture of the case at trial it is understandable why this ruling was made. The pretrial hearing had limited the issue to the jurisdictional question. Jurisdiction was based upon whether or not the old drain had been recognized. The earlier cases had not evolved a clear definition of what constituted recognition. Be that as it may, equity having taken jurisdiction on such a substantial question it must now accord full relief. Appellant argues in his reply brief that appellee waived the right to present evidence on the point of apportionment of benefits. The trial judge refused to accept testimony on this issue, in view of the posture of the case, and suggested that appellee wait later in the trial to see how things would develop. The court said at that time: "That request may remain on the record until a later time, when we see how it comes out." In effect, appellant's objection to the offer of such testimony constituted

---

* PA 1956, No 40, § 443 (CLS 1956, § 280.443, Stat Ann 1960 Rev § 11.1443):

"Sec. 443. When in any consolidated district it shall be necessary to construct a new drain on or near the line or any part of the line of an existing, operating drain so as to make the old existing drain in whole or in part unnecessary, recognition and credit shall be given for such existing drain or part thereof as follows:

"The assessing authorities shall make a determination of the value of benefits which, except for the construction of the new drain, could reasonably have been anticipated from the continued operation of the existing drain or part thereof.

"The property or municipal corporation which paid the assessment for the existing drain or part thereof shall be exempt from any special assessment to pay for the new drain to the extent of the value so determined.

"The assessing authorities, in assessing for benefits and apportionment of costs and expenses for any new drain in a consolidated district which has been laid on or near the line or any part of the line of an existing, operating drain so as to make the existing drain in whole or in part unnecessary, shall give effect to this exemption."

a ruling against admissibility of the evidence. Appellee was under no duty to resurrect his request at a later point in the trial. This will necessitate remanding the case to the trial court for a determination of whether recognition was given the old Winterstein drain. The existing decree is set aside. After hearing, a decree will enter in accord with this opinion.

Remanded. No costs, a question of statutory construction being involved.

CARR, C. J., and DETHMERS, KAVANAGH, and SOURIS, JJ., concurred with OTIS M. SMITH, J.

BLACK, J. (*dissenting*). In *White* v. *Palmer*, 233 Mich 32, decided in 1925, and in *Township of Imlay* v. *Wurzel*, 258 Mich 595, decided in 1932, this Court on each occasion announced and applied a valuably broad and so far enduring interpretation of long standing provisions of the former and present drain codes. Judge Sweet held such interpretation controlling of the decisive issue which the parties presented and tried before him. His opinion proceeds:

"A careful consideration of all of the evidence presented at the trial, the exhibits received in evidence, and the arguments and briefs of counsel leads to the conclusion that in these proceedings the defendant drain commissioner did not intend and did not seek to simply tile the Winterstein drain and thereafter use it as a part of the proposed new drain; rather, it must be concluded that the intent and purpose of the defendant drain commissioner was to locate, establish and construct a new drain, and that in so doing he would be in fact establishing a new drain over an existing, active drain which is still in use. The end which the defendant drain commissioner seeks to accomplish might be attained by him

in proceedings to tile, extend, widen or deepen the Winterstein drain, but he has not so proceeded.

"It is the conclusion and decision of this court that the proceedings herein attacked by the plaintiff fall within the prohibition contained in the case of *Township of Imlay* v. *Wurzel*, and that there is not a sufficient recognition of the Winterstein drain to remove such proceedings from such prohibition, under the ruling in the case of *White* v. *Palmer*. It follows, therefore, that the defendant drain commissioner is without jurisdiction to further proceed."

I agree with Judge Sweet's reasoning and disposition of this case. Unerringly, he has pointed out the precedentially sound way by which the defendant drain commissioner may proceed and yet "recognize" the existing Winterstein drain, that is, by a distinct proceeding under chapter 8 of the drain code of 1956, as amended (CLS 1956, § 280.191 *et seq.*, as amended [Stat Ann 1960 Rev § 11.1191 *et seq.*])* designed to deepen, widen, or tile (or any combination of such permitted projects) the existing drain.

The rule of the *White* and *Imlay Township Cases,* interpretively governing—as it has for 3 decades—the statutory duties of Michigan drain assessees and the statutory duties of Michigan drain assessors, requires continued "recognition" by this Court lest we water the beneficial stock of usefully settled precedent. Too, this is another case where the valuable-in-its-place doctrine of legislative acceptance should be guide right for a court which is confronted with visible proof of such acceptance. As suggested in my Brother's opinion, the *White* and *Imlay Township Cases* were both "recognized" and implemented by the act of 1954 (No 189, chapter 5, § 18). Such recognition and implementation is now incorporated in the drain code as section 443 (CLS 1956, § 280.443 [Stat Ann 1960 Rev § 11.1443]).

---

* CLS 1956, § 280.193 has been amended by PA 1962, No 103.

Every time a court of last resort, even by dint of diaphanous hint, casts some cloud of doubt upon the long since interpreted meaning of a standing statute, dismaying seeds of uncertainty and cultivated litigation are planted throughout the jurisdiction. And as they are sown, so must the expectably burgeoning crop be reaped.

I would not sow, there being no presently good reason for the casting of such doubt. My vote to affirm is cast accordingly.

KELLY, J., concurred with BLACK, J.

O'HARA, J., took no part in the decision of this case.