## David E. Harbaugh and others v. Timothy P. Martin.

*Drains: Record: Petition: Signers.* The record of proceedings to deepen and widen a ditch, where the action is not taken for sanitary reasons only, which does not in any way make it appear that the signers of the application to the drain commissioner were a majority of the resident owners of the lands through or into which the drain was proposed to be constructed, is fatally defective.

*Recitals construed.* The recital in a subsequent paper presented to the commis. sioner, as a waiver of a jury to assess damages, etc., which is signed by nearly all the same persons who signed the original application, and by some others, that the signers to such waiver are a' majority of the resident owners of the property affected by the said drain, does not cure such defect, for other property is usually affected by a drain, besides that into or through which it extends.

*Record: Jurisdictional facts: Knowledge of commissioner.* If it be admissible at all for the commissioner to act upon his own knowledge of the facts in this regard, it is nevertheless essential that the record should in some manner show that he possessed the requisite knowledge to justify his action.

*Drains: Record: Jurisdiction.* The record of such proceedings must be complete in itself, and all jurisdictional facts must appear on the face of it.

*Jurisdiction: Assertions of fact: Return to certiorari.* Assertions of fact in the return of the commissioner to a writ of *certiorari* to bring up such proceedings for review, cannot be made to cure defects in his record.

*Petition to have ditch cleaned out: Deepening and widening ditches.* Proceedings to widen and deepen a ditch are not authorized by a petition to have the ditch cleaned out.

*Delay.* A delay of ten months in suing out *certiorari* to review such proceedings, where the plaintiff in *certiorari* did not participate in the proceedings, and in the absence of any showing that he had knowledge of them, is held not fatal.

*Constructive notice: Proceedings without jurisdiction.* Where such proceedings are according to law, parties interested are bound by constructive notice of them; but there can be no constructive notice where there is no jurisdiction.

*Heard July 22.        Decided October 7.*

*Certiorari* to Timothy P. Martin, drain commissioner, etc.

*Hamilton G. Howard,* for plaintiffs in *certiorari.*

*George V. N. Lothrop,* for defendant in *certiorari.*

COOLEY, J.

*Certiorari* is sued out in this case to reverse the proceedings of the drain commissioner in assessing upon the plaintiffs in error and others the expense of deepening and

widening the Prairie Ronde Ditch, in the township of Springwells. The proceedings purport to have been had under *chap. 47* of the *Compiled Laws of 1871, p. 570,* the fourth section of which requires the county drain commissioner, upon the application to him in writing of ten or more owners of land in each township in or through which they ask to have a drain constructed, to institute proceedings for that purpose, with a proviso, however, that " the petition, except when the same is asked for upon sanitary reasons only, shall be signed by a majority of the resident owners of the lands through or into which said drain is proposed to be constructed." The petition in this case did not ask action upon sanitary reasons. It was signed by twenty-one persons who style themselves " citizens and freeholders of Springwells," but there is no finding in the case, nor even any recital in any of the papers which make up the record of the proceedings, that these twenty-one persons constitute a majority of the resident owners of the lands through or into which the drain was constructed. A subsequent paper presented to the commissioner as a waiver of a jury to assess damages, etc., is signed by nearly all the same persons, with some others, who are therein recited to be " a majority of the resident owners of the property *affected* by the said drain;" but this cannot aid the petition, for other property is usually affected by a drain besides that into or through which it extends. It is said, however, that the commissioner in these cases may act upon his own knowledge of the facts. If that be admissible, which we do not decide, the record must in some manner show that he possessed the requisite knowledge to justify his action. The record cannot be aided by knowledge which the commissioner conceals in his own breast; it must be complete in itself, and all jurisdictional facts must appear on the face of it. In this case nothing appears to show that the petition was sufficiently signed until the commissioner makes return to this court. But assertions in that cannot cure

defects in his record.—*People v. Highway Commissioners,
14 Mich., 528.*

Another difficulty in this case is, that the petition was
merely that the ditch be "cleaned out," and upon the
basis of that request, the commissioner proceeded to make,
order and let contracts for deepening and widening it. To
deepen and widen a ditch is quite a different thing from
merely cleaning it out, which implies only a removal of
sediment or other material that may have become depos-
ited in it. What the commissioner undertook to do,
therefore, was not asked for by the petition. Other defects
need not be noticed.

It is urged for the defendant, that these errors ought
not to be reviewed on *certiorari* where the delay in suing
out the writ has been so serious; and the case of *Lantis,
9 Mich., 324,* is referred to and relied upon. In that case
the plaintiffs in *certiorari* had appeared in the proceedings,
and opposed the confirmation of the commissioner's report;
and the court thought a delay of eleven months in seek-
ing other remedy, was, under the circumstances, unreason-
able. The plaintiff in error in this case did not, in any
way, participate in the proceedings, nor does it appear that
he had knowledge of them while they were in progress.
His writ is sued out within ten months from the letting
of the last contracts. If the proceedings had been accord-
ing to law, he would have been bound by constructive no-
tice of them; but there can be no constructive notice
when there is no jurisdiction.

The proceedings must be quashed.

The other Justices concurred.