WILLIAM C. TAYLOR v. GEORGE W. BURNAP, DRAIN COM'R AND RUFUS SEELEY, TOWNSHIP CLERK.

*Township drain law.*

One who petitions for proceedings to lay out a ditch is presumed to petition for legal proceedings, and is therefore not estopped from complaining of irregularities to his prejudice, if he does not assent to them.

On certiorari to bring up proceedings to lay out a ditch, the highway commissioner's statement in his return to the writ that a

form of notice set forth in the return was "a copy of notice served on interested persons," is not sufficient proof of notice, especially if it does not show who made the service, or what means of knowledge the commissioner possessed.

Proceedings to lay out a township ditch under Act 140 of 1875, are fatally defective if the notice of the application for it was not signed, and if the time between its date and return is shorter than the period required by law between the date of service and of the examination on the application for the ditch.

Proceedings to determine the necessity of taking land for a township ditch, are invalid when taken *ex parte* by commissioners appointed therefor by the probate court on an *ex parte* application of the commissioner of highways, without notice to those concerned in the ditch.

Certiorari to drain commissioner and township clerk. Submitted November 1. Decided November 22.

*J. C. Sawyer, John Whitbeck* and *Millard & Bean* for plaintiff in certiorari.

*Moore & Moore* for respondent.

GRAVES, J. This is a *certiorari* to review certain action of the drain commissioner under the township drain law.

The case differs in some respects from *Lane v. Burnap*, ante, p. —1, but it teems with as many errors. The respondent's counsel argues that it appears on the face of the record that Taylor is not justly entitled to prosecute the writ—*first*, because of *laches* in suing it out; and *second*, because he was a petitioner for the drain in question.

As in the case of *Lane v. Burnap* the record refutes the first position. The last proceeding by the commissioners was a supplemental report and which according to respondent's answer to the writ at page 17 of the record was not made until December 21st, 1877, and the writ was taken out only nineteen days later. That the writ was not out of season is clear enough.

As to the second ground it is enough to say that the plaintiff must be supposed to have petitioned for legal

and not illegal action on the part of the commissioner, and it would be startling to hold that because he applied for the prosecution of lawful methods, he should therefore be precluded from complaining against unlawful ones enacted to his prejudice. Every day's experience in the courts of justice exposes the fallacy of the objection. The plaintiff is never supposed to be estopped from complaining of a wrong ruling to his prejudice for the bare reason that he instituted the action or invoked the jurisdiction. When the party has given his assent to the specific act by procuring it or uniting in it, there is or may be good reason for refusing to hear him complain of it, and in this case the counsel might not err in saying that Taylor should not be heard to object to the petition. But the main errors are in the later proceedings and the plaintiff is not precluded from objecting to them.

Only one or two of the numerous defects will be noticed. The "examination" upon the application, and which is required to be had on notice, was fixed by the commissioner for June 10th, 1876, at the house of one Maples, and the only indication that any notice was given is found in a statement by Mr. Burnap in his answer to the *certiorari*. He sets forth a writing having no signature dated June 5, 1876, and being in the form of a notice for the "examination" in question on June 10th, and then adds: "This is a copy of notice served on interested persons." And this is all we have in the record to show that any notice was given. If in fact this writing was served on the very day it was made, it was not lawful notice. It was without signature, and moreover the time between the date and return was shorter than the period required between the day of service and the day of "examination." *People on rel. of Platt v. Highway Com'r*, 38 Mich., 247.

In the next place the statement in the commissioner's answer concerning the fact of service proves nothing. Apart from the objections against making

proof of service in that way and apart from other objections to the sufficiency of this · statement in the abstract, it does not even suggest who made the service or what means of knowledge the commissioner possessed on the subject. See the authorities in *Lane v. Burnap,* ante, p. 739.

Shortly after the "examination" mentioned, the drain commissioner instead of calling a jury to make inquisition upon the necessity of the contemplated work and for taking property therefor, and upon the subject of damages or compensation, made an *ex parte* application to the probate court for the appointment of three commissioners, and the court thereupon appointed the commissioners and they in turn proceeded *ex parte* to adjudicate in the premises. They decided in favor of the necessity, but were entirely silent on the subject of damages and compensation. The taking of these proceedings in this manner without any notice to those interested, was a fatal error as we held in *Strachan v. Brown,* ante, p. 168. The various other material defects which appear in the record require no notice.

The proceedings must be quashed.

The other Justices concurred.