TOWNSHIP OF WHITEFORD, JOSIAH HALL, SUPERVISOR, ANDREW
     J. BRIGGS, DRAIN COMMISSIONER, AND OTHERS, PETITIONERS,
          v. RUFUS E. PHINNEY, PROBATE JUDGE OF MONROE
          COUNTY, P. H. MATHEWS, COUNTY CLERK, AND
               GEORGE CANEN, TOWNSHIP CLERK.

*Drain taxes.*

1. The appointment by the judge of probate, without notice to persons
   interested, of a special drain commissioner, and the action of such
   commissioner, without farther authority, in establishing a drain and
   in levying a tax for its construction, are unconstitutional, null and
   void.

2. Certiorari lies, *it seems*, to review drain proceedings that are not merely
   irregular but are void.

Certiorari.    Submitted Feb. 6.    Decided March 6.

Proceedings to appoint special drain commissioner.
Quashed.

*Grosvenor & Landon* for petitioners.

*Bean & Underwood* for special drain commissioner.

SHERWOOD, J.    The certiorari in this case brings before us
proceedings had before the judge of probate for the county
of Monroe, appointing a special drain commissioner to con-
struct a certain ditch, and widen, deepen and straighten
natural water channels as parts thereof, for the purpose of
draining Ottawa lake and certain lands lying along said ditch
or drain—said drain being partly in Monroe and partly in
Lenawee county.

The proceedings are taken under section 5 of Act No.
269 of 1881—How. Stat. § 1695—and consist:

1st. Of a petition to the judge of probate, signed by six
persons, who describe themselves as freeholders and residents
of the counties of Lenawee and Monroe, three from each
county, and forty-four other persons from the two counties,

praying for the appointment of J. M. Robertson, as special drain commissioner to construct the ditch aforesaid.

2d. The order of the judge of probate, made the same day the petition was filed, appointing said Robertson as such special drain commissioner.

3d. The order of the said special drain commissioner, establishing said ditch or drain, and which reads as follows: " I, Josephus M. Robertson, special drain commissioner for the foregoing described ditch or drain, do hereby order that said ditch or drain be and it is hereby established, as hereinafter described, and that said ditch or drain shall be known and recorded by the name of Ottawa lake, or Big ravine outlet, special drain No. 141."

The county clerk of Monroe county and the township clerk of the town of Whiteford, each make return to the writ in this case and say that said special drain commissioner has never filed any affidavit or bond as such commissioner, in either of the offices of said clerks; and the affidavit for the writ states no such affidavit has ever been made, or bond given, by said Robertson as such special drain commissioner. The county clerk also further returns that the board of supervisors of Monroe county has made no order, nor taken any action in relation to said drain proceedings or to said special drain commissioner.

The petition upon which the writ in this case was allowed, states that said Robertson, who was a resident of the county of Lenawee, presented the petition to the judge of probate of Monroe county for the appointment of himself as such special commissioner, and that no notice was given to any one by said Robertson, or the judge of probate, of the pending of the petition, or of the time and place when a hearing would be had upon the same, and that without any proof or verification of the petition the judge proceeded ex parte and made the order appointing said Robertson such special drain commissioner; and that no notice whatever of any proceedings in the matter was given to parties interested, or any other order made in the premises; that all the persons owning land through which it was proposed to construct said drain had not released the

right of way, nor their damages therefor, and that among them were several minors; that the said Robertson has pretended to act under said appointment, and filed a report of his doings with the county clerk, by which it appears he has ascertained and determined the cost of said drain, established by him as above stated, to be $32,361.05 and that the petitioners had been assessed that amount; that said drain, as laid and established, is for the most part, if not entirely, on the line of existing drains already established by the township and county drain commissioners.

It does not appear by the return to the writ or in any of the proceedings that Robertson accepted the office, or qualified as required by law, or that the necessity for constructing the said drain for any reason was adjudicated or determined by said special commissioner, or any other person or persons.

The petitioners in the writ make the following objections to the proceedings of the judge of probate and said special drain commissioner, viz.: *First,* because no notice was given to the parties interested of the time and place of hearing of said application for the appointment of said Robertson.

*Second,* because there was no evidence before said court that the applicants were freeholders of said counties of Monroe and Lenawee, nor was said application verified by the oath of any person.

*Third,* that the said order of said court did not require said Robertson, in any manner, to qualify as such officer, nor did said Robertson accept such appointment and qualify as such officer, as required by law.

*Fourth,* because, without having filed any oath or bond, as required by law, and without giving any notice of his contemplated action to determine the necessity and practicability of the proposed drain, he proceeded to act as such commissioner, and to attempt to establish said drain.

*Fifth,* because all the persons owning lands on the line of said proposed drain have not released the right of way over their said lands, nor their claims for damage on account thereof.

*Sixth,* because the said Robertson, as special drain com-

missioner, acting under said pretended appointment, has not determined that the proposed drain was necessary and practicable.    Nor have any special commissioners been appointed and acted to ascertain the necessity for such drain, and the taking of private property for the purpose thereof, and the just compensation therefor.

We think these objections were all well taken.    The proceedings are all statutory, not according to the course of the common law, and must strictly conform to the statutes authorizing them.    Every material requirement of the statute must be observed, and the proceedings must show affirmatively on their face a substantial compliance with the law. *Kroop v. Forman* 31 Mich. 144; *Lane v. Burnap* 39 Mich. 736; *Ross v. Com'rs of Highways* 32 Mich. 301; *Names v. Com'rs of Highways* 30 Mich. 490; *Harbaugh v. Martin* 30 Mich. 234; *People v. Burnap* 38 Mich. 350.

The application to the judge of probate does not show that the persons who signed the petition presented were resident freeholders of either Lenawee or Monroe counties, and was therefore insufficient; that fact should appear on the face of the petition.    This it is which is to put the officer in motion, and it is the basis of his authority to enter upon the course of proceedings to establish a water-course or locate a ditch. How. Stat. § 1695; *Kroop v. Forman* 31 Mich. 144.    Section five of said chapter requires the special commissioner, when appointed, to take an oath to faithfully perform his duties as such, and we think the provisions of section 3, requiring the county drain commissioner to give a bond to secure the faithful performance of his duties apply to the commissioner appointed by the judge of probate.    There is the same reason for the bond in the one case as in the other, and we have no doubt the Legislature intended it to be given in both cases. The commissioner appointed in this case failed to comply with the statute in this respect.

No notice was given to the parties interested of the pendency of the application or proceedings before the judge of probate, or of the time and place when the same would be heard.    Such notice is always necessary when it is sought to

deprive the citizen of his property; and if the notice is not expressly provided for in the law itself, it is in all such cases necessarily implied, and the failure to give such notice rendered the proceedings, if otherwise regular, null and void.

The record shows no proper adjudication or determination by any person of the necessity to make the ditch or drain proposed, or whether the same was practicable. This is one of the first things to be considered and ascertained in the proceedings to be taken, and without a compliance with this requirement no further proceedings can be taken legally.

It is unnecessary to consider the proceedings further. They are clearly without authority of law, and cannot be sustained.

It is claimed by counsel for respondents that the proceedings might be saved under sec. 40 of the Act [How. Stat. § 1730] under the decision in *Tucker v. Parker* 50 Mich. 5, and that certiorari will not lie under the facts as they appear upon this record, but this is a wrong construction of the views expressed in that case.

The want of a proper petition to the judge of probate, and neglect of the respondents to give some notice of the pending of the proceedings, rendered the action taken in the case by both the judge and commissioner not only irregular, but null and void, and in such case certiorari is a proper remedy. It is in cases where the action of the court and commissioner have been irregular only that the provisions of sec. 40 may be invoked, and in such case certiorari would be improper.

The commissioner is not an officer in any proper sense of that term, but rather the agent of the two counties appointed to do a certain piece of work, which, when completed, ends his mission; and the doctrine contended for, applicable to de facto officers, does not apply to him.

The objection that the petition does not show that any of the petitioners are affected by the proceedings complained of, or interested in them, is not well founded. The township of Whiteford is a party, and it further shows that five other

petitioners have been assessed for the construction of said drain over $1200.

We have said more than was necessary to dispose of the questions involved in this case, but have done so with a view that a better understanding may be had, both of the statute and the decision of this Court already made thereunder.

The proceedings in the case must be quashed, and the petitioners will recover their costs against the respondents.

CHAMPLIN, J.   I concur in the result.

COOLEY, C. J.   I agree entirely that the proceedings in this case are altogether void.   I do not think it legally competent to confer upon the probate or any other court the power, without notice to the parties concerned, to appoint an officer to decide finally upon the question of laying taxes, and to proceed to lay taxes in his discretion, as has been done here; and if the legislation, under which this so-called commissioner has proceeded, will permit of such action, it is void.

CAMPBELL, J.   I concur with the Chief Justice.