GRAND RAPIDS & INDIANA RAILWAY CO. *v*. ROUND.

1. DRAINS—WATERS AND WATERCOURSES—CLEANING AND EXTENDING—APPLICATION—SUFFICIENCY—JURISDICTION.

An application for the cleaning out and extension of a drain under 1 Comp. Laws 1915, § 4940, in order to confer jurisdiction upon the drain commissioner to deepen

and extend it, should set forth that the drain and extension were a watercourse or a part thereof.

2. WATERS AND WATERCOURSES—DEFINITION.
    A watercourse is a natural stream of water fed from permanent or periodical natural sources and usually flowing in a particular direction in a defined channel, having a bed and banks or sides, and usually discharging itself into some other stream or body of water.

3. DRAINS—CLEANING AND EXTENDING—APPLICATION—SUFFICIENCY—JURISDICTION.
    An application for the cleaning out and extension of a drain under 1 Comp. Laws 1915, § 4940, was insufficient to confer jurisdiction on the drain commissioner under 1 Comp. Laws 1915, § 4880, where it failed to recite that the signers are freeholders liable to assessment for benefits and in number equal to one-third of the freeholders whose lands are crossed by said drain, as required by said statute, and said defect was not cured by the fact that it developed upon the hearing in probate court that the signers were sufficient in number and qualification.

4. SAME—INSUFFICIENT APPLICATION NOT SUBJECT TO AMENDMENT.
    Since the application was insufficient on its face to confer jurisdiction, it was not subject to amendment under 1 Comp. Laws 1915, § 4886.

Error to Allegan; Cross (Orien S.), J.  Submitted June 7, 1922.  (Docket No. 26.)  Decided November 2, 1922.

Certiorari by the Grand Rapids & Indiana Railway Company against Dan J. Round, drain commissioner of Allegan county, and others, to review proceedings for the cleaning out and extension of a drain. Judgment for defendants. Plaintiff brings error. Reversed, and proceedings quashed.

*James H. Campbell* and *E. M. Davis*, for appellant.

*Charles Thew*, for appellees.

CLARK, J.    Certiorari to review drain proceedings.

In the circuit court there was judgment for defendants. Plaintiff brings error. The application:

"Application for Cleaning Out Drain.

"To the County Drain Commissioner of the County of Allegan:

"Your petitioners respectfully show that they are freeholders of the townships of Dorr and Leighton in the county of Allegan and State of Michigan, and that they constitute five freeholders of the township or townships in which the drain is situate, one or more of which will be assessed for a benefit in the cleaning out of the drain known and designated as the Bisbee drain, situated in the townships of Dorr and Leighton in said county and State of Michigan.

"That said drain needs cleaning out and deepening and extending, commencing at the junction of the Johnson drain, and cleaning out from that point to G. R. & I. R. R. right of way; thence extend north on, east side of railroad about 110 rods and that it is necessary that said drain be cleaned out for the reason that it is filled with sand, and extension necessary for outlet.

"Your petitioners do therefore hereby make application and request that said drain, known and designated as the Bisbee drain, may be cleaned out and deepened and extended in the manner set forth and in accordance with the provisions of the statute in such case made and provided.

"Dated this 19th day of April, A. D. 1916.

"The following are the names of petitioners and their respective townships:

| "Petitioner's Name | Township. |
|---|---|
| Charles L. Bisbee | Leighton |
| H. Helmhaldt | Leighton |
| George J. Hoeve | Leighton |
| E. C. Nevins | Dorr |
| W. F. Rose | Dorr |
| Almon Gilbert | Byron |
| C. B. Smith | Moline |
| O. L. Gilbert | Moline |
| D. L. Gilbert | Dorr |
| E. R. Barber | Dorr |
| L. Vander Lugt | Dorr |
| E. G. Carpenter | Dorr." |

It was determined to clean out and deepen the Bisbee drain, an established drain, and to extend it from its outlet 196 rods within and along the railroad right of way of the plaintiff.

The application was attempted under section 4940, 1 Comp. Laws 1915.    But that section relates to cleaning out established drains, except that

"In case where a watercourse shall need deepening, widening, cleaning out, straightening or extending, it shall be immaterial whether the application shall be to lay out and establish, clean out, deepen, widen, straighten or extend," etc.

The section of the statute then respecting locating, establishing, widening, deepening or extending drains was section 4880, 1 Comp. Laws 1915, and an application under this section was required to be signed by a number of freeholders liable to assessment for benefits, the number equal to one-third of the number of freeholders whose lands were crossed by the drain.

An application under section 4940 signed by "any five freeholders of the township or townships in which such drain is situated, one or more of whom shall be owners of land liable to an assessment for benefits in the cleaning out," as provided by that section, was insufficient for deepening or extending a drain except in the case of a watercourse.    And to have the benefit of such exception the application here should have set forth that the drain and the extension were a watercourse or a part thereof.    The application, lacking any such statement respecting a watercourse, was insufficient on its face to give the drain commissioner jurisdiction to proceed.    A watercourse is defined:

"A natural stream of water fed from permanent or periodical natural sources and usually flowing in a particular direction in a defined channel, having a bed and banks or sides, and usually discharging itself into some other stream or body of water." Black's Law Dictionary (2d Ed.), p. 1223.

But it is also urged that it was developed as a fact upon the hearing in probate court that those who signed the application were sufficient in number and qualification to sustain the application under section 4880. An application under such section should recite, to confer jurisdiction, that the signers are freeholders liable to assessment for benefits and in number equal to one-third of the number of freeholders whose lands are crossed by said drain. The application contained no such recital. The rule is stated in 19 C. J. p. 644:

"The petition must be signed by the requisite number of landowners, having the qualifications required by the statute, in order to give the court or board jurisdiction, and it should show that the required number of landowners have so signed, and that they possess the necessary qualifications."

See *Tinsman* v. *Monroe Probate Judge,* 82 Mich. 562; *Whiteford Township* v. *Monroe Probate Judge,* 53 Mich. 130; *Kroop* v. *Forman,* 31 Mich. 144; *Frost* v. *Leatherman,* 55 Mich. 33; *Ranney Refrigerator Co.* v. *Smith,* 157 Mich. 302; *Lanning* v. *Palmer,* 117 Mich. 529.

Defendants' counsel cites *Auditor General* v. *Bolt,* 147 Mich. 283, and *Harbaugh* v. *Martin,* 30 Mich. 234. In the first case the reference to the question was unnecessary to decision and in the second the precise question respecting an application as distinguished from the record of the drain was not discussed.

The application, being insufficient on its face to confer jurisdiction, was not subject to amendment. See section 4886, 1 Comp. Laws 1915.

Reversed, and proceedings quashed.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.