WATSON v. FOX.

CRAWFORD v. SAME.

1. DRAINS—PETITION MUST SHOW ON ITS FACE THAT SIGNERS ARE SUCH AS REQUIRED BY STATUTE.
    Petition for drain, in order to confer jurisdiction on commissioner to act, must show upon its face that it is signed by such petitioners as are required by statute.

2. SAME—FAILURE TO GIVE STATUTORY NOTICE FATAL.
    Failure of drain commissioners to give notice by publication of public hearing relating to drain in compliance with statute (Act No. 316, Pub. Acts 1923) was fatal.

3. SAME—DELAY OF NEARLY FOUR YEARS FATAL.
    Unexcused delay of nearly four years by drain commissioners in acting on petition for drain was fatal.

4. SAME—TAXATION—NONRESIDENT NOT GIVEN STATUTORY NOTICE ENTITLED TO RECOVER TAX PAID UNDER PROTEST.
    Nonresident property owner who was not given statutory notice by publication of drain proceedings, had no actual notice thereof, and did not waive any of her rights in relation thereto, is entitled to recover drain tax paid under protest.

5. SAME—WAIVER—ESTOPPEL.

> Property owner who signed petition for drain, was active in helping carry on the improvement, stood by and saw the work completed, and took no steps to review proceedings by certiorari or otherwise, is estopped from contesting validity of proceedings.

Error to Gratiot; Searl (Kelly S.), J. Submitted June 4, 1930. (Docket Nos. 23, 24, Calendar Nos. 34,734, 34,735.) Decided October 3, 1930.

Separate actions of assumpsit by Lena W. Goll Watson and Alf. F. Crawford against Albert L. Fox, treasurer of Bethany township, Gratiot county, John W. Young, Gratiot county drain commissioner, and Charles Keyworth, Midland county drain commissioner, to recover special drain taxes paid under protest. The cases were tried together. From judgment for plaintiff Watson, defendants bring error. From judgment for defendants, plaintiff Crawford brings error. Affirmed.

*Charles H. Goggin* and *Paul R. Cash,* for plaintiffs.

*Kenneth B. Montigel* and *Chester E. Morris* (*Mathews & Greene,* of counsel), for defendants.

WIEST, C. J. These two cases involve the validity of drain proceedings and the right to recover special drain taxes paid under protest.

In the *Watson Case* plaintiff had judgment, and in the *Crawford Case* judgment passed for defendants. Plaintiff Watson recovered on the ground that the drain proceedings were invalid; that she was not a party participating and had no valid notice of the steps taken therein. Plaintiff Crawford was held estopped from having recovery by reason of the fact that he was one of the petitioners for the drain, was aware of all proceedings taken, and his

remedy, if any, was review, in proper season, by certiorari, and he could not stand by, let the drain be constructed, pay his special tax under protest, and recover in an action at law.

The circuit judge filed opinions in both cases and we quote and adopt the same.

Watson Case:

"Plaintiff in this cause brought suit to recover the amount of a drain tax paid under protest.

"It appears from the evidence that many years before the date of filing the petition in the present drain proceedings, a drain known as the Wells drain had been constructed as an intercounty drain, partly in Bethany township, Gratiot county, and partly in Jasper township, Midland county, and by subsequent proceedings the lands of plaintiff had been included in this drainage district.

"A petition bearing date July 1, 1919, was filed with the county drain commissioner of Gratiot county on December 5, 1919, signed by Alf. F. Crawford and eight other freeholders, praying for the locating, establishing, deepening or tiling, and construction of a drain over the line of this old Wells drain.

"At the time this petition was filed, the drain law then in force (1 Comp. Laws 1915, § 4939, as amended by Act No. 162, Pub. Acts 1919), provided that whenever a drain of this character needed cleaning out, deepening, widening and extending a number of freeholders of either county, equal to at least 10 per cent. of the number of freeholders liable to assessments for benefits, who are owners of land which at the time of the construction was assessed therefor, might petition therefor.

"That statute also provided that in the case of the construction of a new drain, the petition therefor should be signed by not less than one-half of the freeholders whose lands are traversed by said drain.

"It is very doubtful whether the petition filed on December 5, 1919, complies with the provisions,

either for a new drain or for the improvement of an old one. There is no recital in this petition that any of these signers are the owners of land which, at the time of the original construction of the Wells drain, was assessed therefor; nor does it say that the petitioners equal one-half the number of freeholders whose lands are traversed by such drain for which the petition is made. The second paragraph in the petition was not filled out at all, and must be disregarded as a part of the petition.

"It was early held that the petition for a drain, in order to confer jurisdiction on the commissioner to act, must show upon its face that it is signed by such petitioners as are required by the statute. *Tinsman* v. *Probate Judge,* 82 Mich. 562.

"In the case at bar the attorneys for the defendants insist that the petition can be upheld as one to improve the old Wells drain. The converse of this question came up in a recent case where the petition was not sufficient as a petition for improvement of an old drain, and it was sought to sustain it as a petition for a new drain, but the Supreme Court held, citing the *Tinsman* and other similar cases, that an application for a new drain in order to confer jurisdiction must show that the signers 'are freeholders liable to assessment for benefits and in number equal to one-third of the number of freeholders whose lands are crossed by said drain.' *G. R. & I. R. Co.* v. *Round,* 220 Mich. 475.

"In a later case this doctrine is reaffirmed, although in that case the court found from all the allegations in the petition that it contained the necessary recitals. *White* v. *Palmer,* 233 Mich. 32.

"Counsel for defendants claim that, inasmuch as the statute provides that the eligibility of the signers shall be determined by the records in the office of the register of deeds and elsewhere, that therefore the original application for the drain need not show on its face that the signers are qualified under the statute. This same contention was made in the *Round Case* cited above, where proof was made in probate

court that those who signed the application were sufficient in number and qualification to sustain the application. That case arose under the same statute under consideration here, but the court held against this contention, citing not only the *Tinsman Case* but many others, and pointing out that language used in *Auditor General* v. *Bolt,* 147 Mich. 283, apparently to the contrary, was *dictum* and unnecessary to that decision.

"No action was taken on this petition after its filing upon any notice as required by the statute until January 21, 1925. An opinion signed by the commissioners of both counties had been filed February 10, 1921, but this was an *ex parte* proceeding taken without notice to anyone, and may be disregarded.

"On January 21, 1925, nearly four years after the date of the filing of the petition, a public hearing was held, at which time a determination of necessity was made by the commissioners of the two counties. The notices for this meeting were published in one county on January 15, 1925, and in the other on January 16, 1925. The statute then in force (Act No. 316, Pub. Acts 1923) required this notice to be published for not less than one week. Neither of the notices complied with this statute. The plaintiff in this case was a nonresident, and she was entitled to notice as required by law. The commissioners could retain jurisdiction to assess her lands in case they had not theretofore lost it, only by giving notice by publication as provided by this statute, and failing to give such notice, their subsequent proceedings must be held void as to her. She never had actual notice, and never waived any of these jurisdictional requirements. *Wright* v. *Drain Commr.,* 44 Mich. 557.

"In my judgment the delay of nearly four years is fatal also. In the *Wright Case* it is intimated that delay of nearly a year without excuse might be fatal. In a later case, delay of two years was excused where showing was made of a large amount of work on hand. *Corning* v. *Potter,* 171 Mich. 691.

"In two other cases reasonable delays were excused upon proper showing. *Ranney Refrigerator Co.* v. *Smith,* 157 Mich. 302; *Chase* v. *Porter,* 166 Mich. 21.

"In the case at bar no reasonable excuse has been shown for the long delay. Certainly there must come a time when a drain commissioner cannot lawfully act on an old petition for a drain, and I think that this is such a case.

"For all the reasons pointed out, I am obliged to hold that plaintiff is entitled to recover back the amount she paid under protest as drain taxes on this drain, with lawful interest &ast; &ast; &ast; from the date of payment; and judgment may be entered in her favor therefor."

Crawford Case:

"This is a companion case to *Watson* v. *Fox,* decided herewith, in which plaintiff is held entitled to recover back drain taxes paid under protest.

"In the *Watson Case* the plaintiff was a nonresident, and never waived any of the jurisdictional defects in the construction of this drain; but the plaintiff in this case was one of the signers of the original petition for the drain, and as late as July 18, 1925, voluntarily released right of way. He was active in helping carry on the improvement, and by standing by and seeing this work completed and the lands of his neighbors assessed, and not having taken any steps to review the proceedings by certiorari or otherwise until he brought this action, he is estopped from contesting the validity of the drain proceedings in this case."

The *Watson Case* is affirmed, with costs to plaintiff, and the *Crawford Case* is affirmed, with costs to defendants.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.