DETROIT FIRE & MARINE INS. CO. *v.* COUNTY OF OAKLAND.

1. ABATEMENT AND REVIVAL—ISSUES—PARTIES—JURISDICTION.
    A mere suggestion of another action pending involving some of
    the same questions, between different parties in a court of an-
    other jurisdiction, would not constitute a good plea in abate-
    ment and is not sufficient to abate the suit or void a decree
    made therein.

2. DRAINS—SEWERS—ASSESSMENTS.
    Drain taxes for drain constructed for sanitary sewerage purposes,
    with closed joints, through the streets of platted and subdivided
    property, with Y's for sewerage connections inserted therein
    for each lot, laid below level of prospective cellar bottoms and
    having all the earmarks of a sewer constructed primarily for
    sewerage purposes, *held,* void where construction was had under
    Act No. 316, Pub. Acts 1923.

Appeal from Oakland; Hartrick (George B.), J.
Submitted January 18, 1938. (Docket No. 135, Cal-
endar No. 39,791.) Decided April 4, 1938.

Bill by Detroit Fire & Marine Insurance Company,
a Michigan corporation, against County of Oak-
land, a municipal corporation, Charles A. Sparks,
County Treasurer, and Henry W. Wedge, County
Drain Commissioner, to recover drain taxes paid
under protest and to cancel certain levied taxes.
Decree for plaintiff. Defendants appeal. Affirmed.

*Glenn C. Gillespie* and *Carl A. Braun,* for plaintiff.

*Franklin E. Morris,* Prosecuting Attorney, and
*Robert D. Heitsch,* Assistant Prosecuting Attorney,
for defendants.

*Frank C. Cook* and *John P. O'Hara, amici curiæ.*

POTTER, J.   Plaintiff, owner of a parcel of land in the township of Bloomfield, Oakland county, on March 4, 1937, filed a bill in equity to recover from defendants drain taxes paid under protest and to cancel drain taxes levied and assessed against the property, alleging in effect the proceedings which resulted in the levy and assessment of the taxes in question were held void by this court in *Meyering Land Co.* v. *Spencer*, 273 Mich. 703, and *Oakland Hills Country Club* v. *Auditor General*, 273 Mich. 703.

Bondholders are not made parties to this suit. Defendants, by their answer, say another suit is pending in the district court of the United States, brought by the bondholders of bonds issued by the drainage district involved to hold the proceedings valid which resulted in the tax, and, because of such pending action, ask the bill of complaint in this case be dismissed, with costs.

A mere suggestion of another action pending involving some of the same questions, between different parties, in a court of another jurisdiction, would not constitute a good plea in abatement and is not sufficient to abate the suit or void a decree made herein.   *LeRoy* v. *Collins*, 165 Mich. 380; *Reis* v. *Applebaum*, 170 Mich. 506.

The drain in question was constructed for sanitary sewerage purposes, with closed joints, through the streets of platted and subdivided property, with Y's for sewerage connections inserted therein, for sewerage purposes for each lot.   The land was not swamp land but had a natural slope of about 110 feet from the upper to the lower end of the sewer in question which was laid below the level of prospective cellar bottoms of houses which might be erected upon the various lots in the subdivision.   It had all the earmarks of a sewer constructed primarily for

sewerage purposes and nothing is pointed out to indicate it was not in fact constructed for that purpose under cover of the drain statute.*

When the matter was before the court in *Meyering Land Co.* v. *Spencer* and *Oakland Hills Country Club* v. *Auditor General, supra,* this court held they were stronger cases on the facts than *Township of Lake* v. *Millar,* 257 Mich. 135, or *Clinton* v. *Spencer,* 250 Mich. 135.

The trial court considered the facts, agreed with the conclusions of this court in the *Meyering* and *Oakland Hills Country Club Cases* and entered decree for plaintiff, which decree is affirmed, with costs.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred.