CITY OF HIGHLAND PARK v. ROYAL OAK NO. 7 STORM
SEWER DRAIN DISTRICT.

1. EQUITY—MOTION TO DISMISS—RES JUDICATA—REHEARING.

While generally on a motion to dismiss allegations well pleaded
must be assumed to be true, where attention is called to a
previous case involving the same subject matter before the
same court, the prior decision insofar as it governs the facts
alleged is final as there cannot be a rehearing under the guise
of a new bill of complaint.

2. TAXATION—SPECIAL ASSESSMENTS—TRUSTS—BONDS—STATUTES.

Funds raised by special assessment are trust funds and must
be applied to the payment of the improvement even if the
statute under which the bonds are issued and the bonds are
void.

3. COURTS—STARE DECISIS.

The rule of *stare decisis* should be adhered to.

4. DRAINS—VOID DISTRICTS—COLLECTED SPECIAL ASSESSMENTS—
DIVISION AMONG BONDHOLDERS.

Funds which had been paid by property owners before drainage
district was declared void and are not now recoverable by them
are awarded to be divided *pro rata* among holders of outstand-
ing bonds, the proceeds of which were used to pay for the public
improvement (Act No. 316, Pub. Acts 1923, as amended).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PRESENTATION TO
TRIAL COURT.

Questions as to right to operate sewerage system on a revenue
basis so as to raise funds for payment of bonds, right to
salvage conduits laid in properties not belonging to plaintiff
and whether or not bondholders were guilty of laches, not
having been raised or passed upon by trial court, are not
considered by Supreme Court on appeal in suit for equitable
relief.

6. COSTS—MODIFICATION OF DECREE.

No costs are awarded upon modification of decree in a sub-
stantial manner, since each party prevails in part.

Appeal from Oakland; Doty (Frank L.), J.   Submitted June 9, 1944.   (Docket No. 56, Calendar No. 42,777.)   Decided October 11, 1944.

Bill by City of Highland Park, a municipal corporation, against Royal Oak No. 7 Storm Sewer Drain District and others to have drain district decreed to be indebted to bondholders and for mandatory injunction requiring levying of an assessment. Bill dismissed. Plaintiff and certain defendants appeal.   Modified and affirmed.

*Voorhies, Long, Ryan & McNair* and *Joslyn, Joslyn & Joslyn* (*Miller, Canfield, Paddock & Stone,* of counsel), for plaintiff and defendant-appellants.

*Harry J. Merritt,* for defendant appellees.

*Alex J. Groesbeck, Hugh Francis, Bernard F. Powell, John H. Yoe,* and *Charles Retzlaff, amici curiae.*

BUTZEL, J.   The City of Highland Park filed a bill of complaint against Royal Oak No. 7 storm sewer drain district (Oakland county), Oakland county, its drain commissioner, and its board of supervisors. Of the bonds issued by Royal Oak No. 7 storm sewer drain district, plaintiff owns $65,000 face value and certain defendants who have joined the plaintiff in this appeal own an additional $85,000 face value. The bill of complaint recites the history of the undertaking by means of which a sewer was built under the drain law.   It sets forth the nature of the conduits that were built and the claim is made that no facts were disclosed in the record of the original proceedings indicating that the purpose of the structure was other than that of a drain as provided by

law. The bill further shows that the entire issue of bonds amounting to $191,000 was sold to a brokerage house and the moneys used exclusively for the building of the drain, acquisition of rights of way, engineering and other incidental expenses, and that the improvement remains in use at the present time and will for many years serve the district. The bonds were issued in 1928.

The bill of complaint refers to the case of *City of Highland Park* v. *Oakland County Drain Commissioner,* 300 Mich. 501, where it is stated that the proceedings to establish the drainage district in question were instituted on June 3, 1927, under Act No. 316, Pub. Acts 1923, as amended by subsequent acts but which only authorized the construction of drains. Forty-one thousand dollars of principal as well as some interest was paid on the drain bonds so that there remains $150,000 and interest outstanding and unpaid. Plaintiff admits in its bill that it is impossible for it and the defendant bondholders to sue upon their bonds but alleges that equitable grounds exist for recovery of the full amount of the unpaid bonds or some substantial part thereof from the drain district, or for other relief. Appellants claim fraud on the part of the drain commissioner and in the recitals in the bonds because it was concealed from all prospective purchasers that the project would primarily serve as a sanitary sewer. They allege that the improvement is of value to defendants. They ask that the drain commissioner be ordered by mandatory injunction to levy upon all lands in the drain district and against the village of Oak Park taxes of sufficient amount to enable the drainage district to discharge the indebtedness, or in lieu thereof, that an account be taken of the cost of such features and parts of the improvement so as to determine what it would have cost if the improvement

had been properly designed simply as a storm drain, and that each of the outstanding bonds be reformed to state such amount of principal as would properly represent 1/191st of such cost and a decree for such amount be binding upon defendant drain district. As an alternative it asks that the drain district be decreed to be trustee of the property known as the Royal Oak No. 7 storm sewer drain, its rights of way and all parts and equipment thereto, to be held in trust for plaintiff and the bondholder defendants, and that said trust be enforced either through transfer of the property to bondholders or through the imposition of an equitable lien in their favor for the sum of $150,000 and interest thereon at the rate of 5 per cent. per annum since May 1, 1940.

Defendant appellees appeared specially and moved to dismiss. They set forth that by adjudication of the court no such valid drain district exists (see *City of Highland Park* v. *Oakland County Drain Commissioner*, 300 Mich. 501, and cases therein referred to), and they further set forth that in the absence of a valid drain district, defendants Oakland county, its board of supervisors and drain commissioner have no jurisdiction or custody over any physical assets connected with the structure and, therefore, appellants are not entitled to the relief sought. They assert that as no valid drain district was created, no officers were guilty of fraud; that the duties of the drain commissioner were purely statutory and it was not the present incumbent of the office who practiced the alleged fraud complained of. Defendants claim that if the storm drain district does not exist, it cannot be sued, and the court is without jurisdiction. They further claim that the taxpayers, mortgagees and owners of land from whom plaintiff seeks payment are not before the court; that plaintiff is guilty of laches; that

the court is without power to establish a drain district and, if it had the power, the proper parties are not before the court; and that the bill of complaint does not state a cause of action against any of the defendants.

A motion to dismiss was granted without the taking of testimony. While, as a general rule, on a motion to dismiss allegations well pleaded must be assumed to be true, nevertheless when attention is called to *City of Highland Park* v. *Oakland County Drain Commissioner, supra,* involving the same subject matter before the same court, the decision in that case as far as it governs the facts alleged is final. There, cannot be a rehearing under the guise of a new bill of complaint. The lower court stated:

"This court is forced to the conclusion that there is no such entity in existence as Royal Oak No. 7 Storm Sewer Drain District and without it there can be no liability against other defendants who, it follows as a matter of course, do not have custody, control or jurisdiction of the physical assets involved. This conclusion is based upon the many expressions of our Supreme Court, pointing to complete lack of jurisdiction from the beginning in the following cases:

"'An entire want of jurisdiction,' 'No jurisdiction,' 'The proceedings are void for want of jurisdiction.' (*Township of Lake* v. *Millar,* 257 Mich. 135.)

"'The petition as filed conferred no jurisdiction on the commissioner to take action,' 'All subsequent proceedings were without authority and void.' (*Kinner* v. *Spencer,* 257 Mich. 142.)

"'The acts of the drain commissioner were without warrant in law.' (*Village of Oak Park* v. *Van Wagoner,* 271 Mich. 450.)

"'We think the proceedings void,' 'The drain commissioner was without jurisdiction.' (*Meyering Land Co.* v. *Spencer,* 273 Mich. 703.)

"Null and void, wholly without authority, All proceedings thereunder are void. (*Detroit Fire & Marine Ins. Co.* v. *County of Oakland,* 284 Mich. 130.)

"The relief sought in paragraph 1 of plaintiff's prayer cannot be granted in view of the holding in *City of Highland Park* v. *Oakland County Drain Commissioner,* 300 Mich. 501, because if it were illegal and unconstitutional to levy a tax to pay the bonds, it would be just as illegal to levy taxes to pay a judgment such as sought here.

"The relief sought in paragraph 2 of the prayer cannot be granted because the parties defendant before the court do not have possession of, custody or control of the physical assets on which the lien is sought. The $23,000 does not belong to plaintiff and the taxpayers cannot recover it. It belongs to the county general fund.

"This court might well paraphrase the statement of the Supreme Court in *International Typographical Union* v. *County of Macomb,* 306 Mich. 562, by saying:

" 'Even if we were to hold that the lower court was in error in its reasons for the dismissal of the bill of complaint, which we do not, we would feel compelled to affirm the decree of dismissal by reason of the rule of *stare decisis.*' We call attention to the case of *City of Highland Park* v. *Oakland County Drain Commissioner,* 300 Mich. 501, where we said:

" 'We do not say that *Village of Oak Park* v. *Van Wagoner,* 271 Mich. 450, is *res judicata* of the rights of these relator bondholders; nor do we hold that they had their day in court through representation by the drain commissioner who was the defendant in that action. We do say, however, that the rule of *stare decisis* should be applied even though equitable considerations might prompt a different result. *Detroit Trust Co.* v. *Detroit City Service Co.,* 262 Mich. 14, 35. See, also, *People* v. *Droste,* 160 Mich. 66, 75, and *Colborne* v. *Railway,* 177 Mich. 139, 142. Since we held in 1935, that it was illegal to levy and

collect any tax assessed as a result of this project, under the doctrine of *stare decisis* we must hold now that it is illegal to levy and collect a tax to pay outstanding bonds issued incident to the same project.'

"Plaintiffs could not recover on express contract. They cannot recover on implied contract. *Hanslovsky* v. *Township of Leland*, 281 Mich. 652, 655, 656, and *Litchfield* v. *Ballou*, 114 U. S. 190 (5 Sup. Ct. 820, 29 L. Ed. 132)."

It will be noted that in the opinion of the court it is stated the sum of $23,000 has been collected by the county on assessment for the so-called drain from owners of property who made payments prior to the final adjudication that the entire proceedings were void. No testimony was taken in regard to the $23,000. It is evident from the opinion and the briefs that some owners of property paid the county expressly for the purpose of meeting the bond obligations prior to the entire proceedings being held void. No suit has been brought to recover these payments within the time limited by statute and those who paid the assessments have no further right of recovery. 1 Comp. Laws 1929, § 4927 (Stat. Ann. § 11.91). The rule is stated in 2 Page & Jones on Taxation by Assessment, § 1512, as follows:

"The funds raised by special assessment are trust funds, and the city must apply them to the payment of the improvement, even if the statute under which the bonds are issued and the bonds themselves are void."

The rule is upheld in *City of Gladstone* v. *Throop*, 18 C. C. A. 61 (71 Fed. 341), and *Willis* v. *Board of Commissioners of Wyandotte County, Kansas*, 30 C. C. A. 445 (86 Fed. 872). We believe, therefore, that an account should be taken of the amount so held by the county and approximating $23,000 and

that all the money be divided *pro rata* among the holders of the outstanding bonds.

Much has been said by the appellants in the series of briefs filed by them in regard to the equities. They again refer to *City of Highland Park* v. *Oakland County Drain Commissioner,* 300 Mich. 501, wherein we held that the rule of *stare decisis* should be upheld even though equity might prompt a different result. We referred to a number of cases including *Village of Oak Park* v. *Van Wagoner,* 271 Mich. 450, wherein the same project was under consideration. We must admit that some equitable considerations may arise in these cases but equities may frequently operate against the property owners. In *Clinton* v. *Spencer,* 250 Mich. 135, one of the first drain cases involving the same question came before this court. It will be recalled that had the assessment for sewer construction under drain proceedings been upheld and had we found that there was jurisdiction, the drain assessment alone for building the sewer would have been far in excess of the entire assessed value of the lands belonging to the plaintiffs. We should avoid the pitfall of making bad law in hard cases. The rule of *stare decisis* should be adhered to.

Situations like the present one have arisen before. See *McCurdy* v. *County of Shiawassee,* 134 Mich. 550. We believe the leading case is *Litchfield* v. *Ballou,* 114 U. S. 190 (5 Sup. Ct. 820, 29 L. Ed. 132), wherein the United States supreme court stated that there could not be any recovery. It is true in the latter case that general tax funds as well as the assessments raised through special taxes were used in the project. In the present case, conduits were buried in lands that plaintiff did not own or have any control over. These lands were publicly owned rights of way and they constitute an essential part

of the project. Part of the cost had been paid by other taxpayers who did pay their assessments and it is admitted in the briefs that a good part of the land became the property of the State and was sold at scavenger sales, free from taxes to the bidders at the sale.

In the final brief filed by appellants, they admit that the court has heretofore held the proceedings both for the construction of the drain and the issuing of the bonds to be illegal for want of jurisdiction for the drain commissioner to build a sewer. They now rely upon Act No. 342, Pub. Acts 1939, as amended by Act No. 353, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1943, § 2486-91 *et seq.*, Stat. Ann. 1943 Cum. Supp. § 5.2767 [1] *et seq.*). They claim that Oakland county now has the right to own and operate a sewer and sewage system on a revenue basis and lands belonging to those who did not pay the assessments, but excepting those who purchased the property at scavenger sale, should be assessed and moneys collected on a revenue basis for the use of the conduit paid to the bondholders. We shall not even discuss these claims. They were not raised in the bill of complaint. So, many questions immediately arise including what rights, if any, the bondholders have at this late date in the conduits, what right they ever had after the conduits were buried in properties not belonging to them, and what would be the value of the property and the conduits if they were unearthed, whether the proper parties are before the court, and whether appellants are not guilty of laches. Many other questions may be raised. Inasmuch as this is a new question and the lower court had no opportunity to pass upon it, we decline even to consider it.

The query also arises whether, if a mere storm drain had been built, it would not have been paid for

by the $41,000 already paid to the bondholders plus the $23,000 which we decree belongs to the bondholders.   On this record, we shall not pass upon whether the entire question is not *res judicata* under the circumstances.

The decree of the lower court is modified to the extent that the $23,000, or thereabouts, should be divided *pro rata* among the bondholders; otherwise, it is affirmed, but without costs, each party having prevailed partially.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.